67   413
f75  288
f77  529

67   413
78   412
f81  117
e81  246

MYERS *v.* HAWKINS.

Opinion delivered February 3, 1900.

1. INJUNCTION—TRESPASS—CUTTING TIMBER.—Injunction will not lie to prevent a trespasser from cutting timber where there was no proof of irreparable injury to the freehold nor of defendant's insolvency. (Page 414.)

2. ST. FRANCIS LEVEE DISTRICT—SALE OF TIMBER ON DONATED LAND.—Under acts 1893, p. 173, § 1, power was conferred on the St. Francis Levee District to sell the land donated to the district by the state, but a sale by it of the timber, separate and apart from the land, was unauthorized and void, and could not be ratified by the district. Hence one who has purchased from the Levee District land so donated by the state may maintain ejectment for possession of the land, and replevin or trover for timber cut therefrom, against one who had purchased the standing timber from the district or its agent. (Page 415.)

Appeal from St. Francis Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

STATEMENT BY THE COURT.

This is an action by appellants to perpetually enjoin the appellee from cutting, removing and destroying timber on certain lands. Appellants claim that they as a firm are the owners of the lands, having purchased same from Jno. B. Driver, as President of the Board of Directors of the St. Francis Levee District, by deed dated 9th day of September, 1899. They set up that the defendant claims title to the oak timber standing on said land by a pretended conveyance from Peterson Jackson as agent for the St. Francis Levee District; that said Jackson was not authorized to sell or convey said timber, or any part thereof, by the Board of Directors of the St. Francis Levee District, nor was he empowered by the president of said board or by resolution of said board or by any officer or person authorized by said board to so empower him. And the appellants allege that the conveyance from Peterson Jackson to appellee is a nullity. They further state that the defendant

has a large number of hands employed to cut the timber on the lands described in the complaint, and teams on ground to haul the same, and that they are daily and at present so cutting, and threaten to continue to so cut and destroy, said timber. They further state that, unless the defendant (appellee) is restrained from further cutting, removing and destroying said timber at once, they will suffer irreparable loss; that the timber constitutes a material part of the value of said land, and, if the plaintiff is deprived thereof, his land will be greatly reduced in value. The prayer was for a temporary restraining order, and for perpetual injunction on final hearing.

The answer set up the ownership of the timber by virtue of sale from the Board of Levee Directors, through its agent, Peterson Jackson, prior to the deed of plaintiffs; denied that Peterson Jackson had no authority to make the sale, and alleged that, if true that there was no formal order or resolution of the Board of Directors authorizing Jackson to make sale of the timber, still the Board had held him out to the public as its agent to make such sales, and had for a number of years ratified sales of timber made by him by accepting the proceeds thereof, and had never repudiated such sales, and that the defendant bought, knowing these facts and relying upon the authority of the said agent thus held out to the public. A temporary restraining order was granted, and on the final hearing same was dissolved, and the plaintiff's complaint dismissed for want of equity. Much proof was taken pro and con, concerning the authority of Peterson Jackson to make sale of the timber in question, and the ratification or non-ratification of sales of timber by the said Jackson, and of the particular sales in question, all of which, in the view we take of the case, it is unnecessary to set out.

*S. H. Mann* and *R. J. Williams*, for appellant.

*Norton & Prewett*, for appellee.

WOOD, J., (after stating the facts.) The complaint alleges that plaintiffs will suffer irreparable loss from the acts complained of, but there is nothing in the proof to show that the alleged trespass or trespasses of the defendant tended to

the irreparable injury of the property—nothing to show that these acts rendered the freehold less susceptible of enjoyment, or that the trespasses were of a nature to constitute a nuisance. There was no allegation or proof of the insolvency of the defendant—nothing in fact in the complaint or proof to show that the plaintiff did not and do not have a complete and adequate remedy at law. In *Ellsworth* v. *Hale*, 33 Ark. 637, this court said: "The distinction is obvious between such continued acts as render the *corpus* of the freehold less fitting for enjoyment,—such as turning water upon it, obstructing the light, or infecting the air,—and mere acts of aggression and injury,—such as pulling down fences and the like. In the former class of cases there arises a nuisance which may be enjoined. In the latter there are mere trespasses, which, however often repeated, may be each time remedied by action." The injury here complained of, as alleged and proved, belongs to the latter class. See *Coulson* v. *White*, 3 Atk. 21; *Hatcher* v. *Hampton*, 7 Geo. 48,—cited by Justice Eakin in case *supra.*

Moreover, it is clear that the appellee has no title whatever to the timber in question. The Board of Directors of the St. Francis Levee District had no power to authorize the sale of timber on lands belonging to said district. The statute provides: "The said Levee District may sell said lands for the minimum prices of $2.50, $1.50 and fifty cents per acre as to grade, * * * * and the treasurer of the levee board of said district, upon the receipt of payment of any part or parcel of said lands, shall certify same to the president of said board, who shall execute a deed in the name of said corporation to the purchaser of said lands." Acts 1893, p. 173, § 1. The express power here conferred upon the district is to sell the land, but there is no power granted to sell the timber, separate and apart from the land. It is not pretended that the board, acting as such, conferred upon Peterson Jackson the authority to sell timber. It is only claimed that the district, having received the proceeds of sales of timber made by Peterson Jackson, is estopped to deny his authority to make such sales, upon the doctrine of ratification. But even if the board had expressly authorized such sales, such act would have been *ultra*

*vires* and utterly void. There can be no ratification of an act which was beyond the power of the board to perform. *Newport* v. *Railway Co.*, 58 Ark. 270; *Carson* v. *St. Francis Levee District*, 59 Ark. 513.

The board is authorized to sell the lands belonging to the district. The St. Francis Levee District, by a regular conveyance in due form, sold the lands in controversy to a firm of which appellants were the members, thereby conferring upon them the legal title to the lands. As the firm of appellants has the legal title, their remedy at law is adequate and complete. They can sue in ejectment for possession of the land, recover the timber already cut, and that may be cut, in replevin, if it can be found, and, in case the timber already cut has been removed and cannot be found, they can recover its value; for it does not appear that appellee is insolvent.

We see no warrant for the interposition of a court of chancery, and the decree of the chancery court of St. Francis county is therefore affirmed.

BUNN. C. J., dissenting.