WESTERN TIE & TIMBER COMPANY v. NEWPORT LAND COMPANY.

Opinion delivered May 6, 1905.

INJUNCTION—TRESPASS.—Trespass on land will not be enjoined, in the absence of any allegation of the defendant's insolvency, or that there will be continuing trespasses making necessary a multiplicity of

actions at law to redress the injury, or that there will be irreparable injury to the freehold.

Appeal from Jackson Chancery Court.

G. T. HUMPHRIES, Chancellor.

Reversed.

### STATEMENT BY THE COURT.

The appellee brought suit in Jackson Chancery Court, alleging in its complaint that it claimed title to certain lands, which are described. "That on the 19th day of March, 1903, the Bank of Newport, a corporation, conveyed said land by a bond for title of that date to George R. Hays. Said bond was duly executed and delivered, and the said George R. Hays on the 28th day of March, 1903, for value, assigned said bond for title to this plaintiff (appellee), said assignment being duly executed, acknowledged and delivered, and said bond for title with the assignment thereon was by the paintiff on the 28th day of March filed for record. That said Bank of Newport was then owner of said land by virtue of a deed of trust executed and delivered to it by J. D. Carter, said deed of trust being duly acknowledged and recorded." That "defendant, its agents and employees, have entered upon said land without right, and cut down and removed a large amount of timber therefrom without right, to plaintiff's damage in the sum of $500. And that if the defendants, their agents and employees, be allowed to continue to cut the timber on said land, it will work an irreparable injury to this plaintiff." Prayer for judgment for $500 damages, and for restraining and enjoining defendants from entering upon said land and cutting timber growing thereon, and from removing any timber cut from said land.

Demurrer to complaint was filed and overruled. Defendants declined to plead further; damages were waived, and injunction was made perpetual, and an appeal prayed and granted defendants.

*Gustave Jones,* for appellants.

There is no sufficient title shown in appellee. A bond for title carries no title. 67 Ark. 184; 1 Am. & Eng. Enc. Law, 859; 27 Gratt. 57; 62 Ia. 466; 22 L. R. A. 223; High, Injunc. § 698; 33 Ark. 633; 24 W. Va. 698; High, Injunc. § § 723, 728. Equity has no jurisdiction, the remedy at law being adequate. Beach, Injunc. § 35; Kerr, Injunc. 14; Pom. Eq. Jur. § 357; 7 Johns, Ch. 315; 67 Ark. 413.

WOOD, J., (after stating the facts.) Even if we concede that the complaint shows an equitable title and right to possession, still the demurrer should have been sustained. This case is ruled by *Myers* v. *Hawkins,* 67 Ark. 413. The complaint does not show that the mischief sought to be enjoined would be remediless at law. The insolvency of the defendant is not alleged. There is no allegation that there will be continuing trespasses, making necessary a multiplicity of suits to redress the injury at law. No facts are alleged showing that there will be irreparable injury to the freehold. *Carney* v. *Hadley,* 22 L. R. A. 233, and notes. ·

Reversed and remanded, with directions to sustain the demurrer.