| 77 | 527 |
| 78 | 412 |

| 77 | 527 |
| f85 | 8 |

## HAGGART v. CHAPMAN & DEWEY LAND COMPANY.

### Opinion delivered February 3, 1906.

1. INJUNCTION—TRESPASS.—Injunction will not lie to prevent the cutting of timber from land where it is neither alleged nor proved that irreparable injury to the land would result from the cutting, or that defendant was insolvent. (Page 529.)

2. CLOUD ON TITLE—WHAT DOES NOT CONSTITUTE.—A decree of the chancery court adjudging the title to land in a suit between strangers to the title cannot affect the true owner, and casts no cloud upon his title. (Page 529.)

Appeal from Mississippi Chancery Court; EDWARD D. ROBERTSON, Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellants, Haggart & McMasters, brought this suit in equity to restrain appellee, Chapman & Dewey Land Company, ·from cutting timber on a tract of land owned· by appellants. They deraign title to the land from the State of Arkansas through ·a patent issued to H. R. Allen, and show a perfect chain of title. It is alleged in the complaint that the defendant claims to be the owner of the timber on the land under a bill of sale from W. H. Grider and his wife, Sue M. Grider, and is about to cut and remove the same, but that neither W. H. Grider nor his wife have· title to the land or timber.  No special injury to the land is alleged by reason of cutting timber, nor is it alleged that Chapman & Dewey Land Company is insolvent.  The Chapman & Dewey Land Company filed its answer, denying the allegations of the complaint concerning title in the plaintiffs, and alleged that the land was patented to J. H. McGavock, who died owning it and left surviving his daughter and only heir at law, the said Sue M. Grider, who sold and conveyed the timber to defendant.

The plaintiffs filed an amended complaint, making parties defendant the heirs of Sue M. Grider, who died after executing the timber deed to Chapman & Dewey Land Company, and alleged that said Sue M. Grider claimed title to said land "under and through a decree rendered in the chancery court of Mississippi County at the October term, 1871, in a cause therein pending in which Wm. A. Erwin *et al.* were plaintiffs and Wm. Giles Harding *et al.* were defendants, and in said decree it was adjudged that Sue M. McGavock, the only heir at law of John H. McGavock, was the owner of said land, and so claimed title thereto."  It is further alleged that "nobody having any claim of title to said land was a party to the cause in which said decree was rendered, neither was any one under whom plaintiffs claim a party to said cause."

The prayer of the amended complaint is that the aforesaid decree be canceled as a cloud upon the plaintiff's title.

The heirs of Mrs. Grider being minors, the court appointed a guardian *ad litem,* who answered, denying all the allegations of the complaint.  The court rendered a decree dismissing the complaint for want of equity, and the plaintiffs appealed.

*N. W. Norton,* for appellants.

Appellants had the legal title and constructive possession. There was nothing requiring action of them until defendants threatened to cut the timber. 75 Ark. 194. Until there is an interference with the possession, resort to legal remedies is unnecessary. 70 Ark. 256. A cloud upon title is a continuing cause of action as to the owner in possession. He may sue at any time to remove it. 88 N. W. 139; 50 N. Y. 337; 107 N. Y. 111; 35 Pac. 49; 50 N. W. 48; 32 S. W. 278; 28 Pac. 1109.

*Rose & Coleman,* for appellees, Grider heirs.

The neglect and long delay of plaintiffs and their grantors is such laches as bars them of the relief sought for. 81 Ia. 651. A delay which might have been of no consequence in ordinary cases may be sufficient to bar relief when the property is of a speculative nature. 96 U. S. 618; 65 Fed. 702. Having delayed until defendant's evidence has perished, equity will not permit plaintiffs to profit by the disadvantage thus imposed upon the defendants. 158 U. S. 421. When a suit is prosecuted in equity, even upon a legal title, and equitable relief is sought, the doctrine of laches becomes operative. 70 Ark. 374; 61 Ark. 536; 11 Pet. 41; 67 Ark. 323; 120 Fed. 820; 56 Ark. 606; 51 Fed. 495; 61 Ark. 575; 58 Ark. 96; 42 Ark. 302; 178 U. S. 208.

McCULLOCH, J., (after stating the facts.) This case, so far as it applies to Chapman & Dewey Land Company, is controlled by *Myers* v. *Hawkins,* 67 Ark. 413. It is neither alleged nor proved that cutting of the timber would result in irreparable injury to the land, or that said defendant was insolvent.

On the other branch of the case, the plaintiffs seek to cancel, as a cloud on their title, a former decree of the chancery court adjudging the land to Mrs. Grider, rendered in a suit between strangers to the title—a suit in which neither the plaintiffs nor any privy to their title was a party. The land was wild and unoccupied. Did the decree constitute such a cloud upon plaintiff's title that a court of equity can be called upon to remove?

Judge Cooley says that "a cloud upon title is something which constitutes an incumbrance upon it, or an apparent defect in it; something that shows *prima facie* some right of a third party, either to the whole or some interest in it." 2 Cooley on Taxation, p. 1448.

Judge FIELD, in *Pixley* v. *Huggins,* 15 Cal. 133, said: "The

true test, as we conceive, by which the question whether a deed would cast a cloud upon the title of the plaintiff may be determinded, is this: Would the true owner of the property, in an action of ejectment brought by the adverse party founded upon the deed, be required to offer evidence to defeat recovery? If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed. If the action would fall of its own weight without proof in rebuttal, no occasion would arise for the equitable interposition of the court; as in the case of a deed void upon its face, or which was the result of proceedings void upon their face, requiring no extrinsic evidence to disclose their illegality."

This court has held that a tax deed void on its face is no cloud on title. *Chaplin* v. *Holmes,* 27 Ark. 414; *Crane* v. *Randolph,* 30 Ark. 579; *Lawrence* v. *Zimpleman,* 37 Ark. 643; *Allen* v. *Ozark Land Company,* 55 Ark. 549.

A conveyance of land executed by a stranger to the title, or the judgment of a court rendered in a suit between strangers to the title can not affect the true owner, and casts no cloud upon title of the true owner. It is not an "apparent title," nor does it *prima facie* create a right which the true owner, or even an occupant without title, of land must bring forward evidence to rebut. *Rea* v. *Longstreet,* 54 Ala. 291; *Thompson* v. *Etowah Iron Co.,* 91 Ga. 538; *Dunklin County* v. *Clark,* 51 Mo. 60; *Ward* v. *Dewey,* 16 N. Y. 519.

"If an entire stranger assumes to convey the premises to which he has no shadow of a title, and of which another is in possession, no real cloud is thereby created. There is nothing to give such a deed even the semblance of force. It can never be used to the serious annoyance or injury of the owner." *Ward* v. *Dewey, supra.*

The same can be said of a decree rendered in a suit between strangers to the title. At most, such a decree serves only to adjudicate the title between these two, or to pass whatever title one may have to the other. It does not cloud the title of the true owner.

The chancellor was therefore correct in dismissing the complaint, and the decree is affirmed.