McCARTY v. WILSON.

Opinion delivered December 10, 1906.

1.  INJUNCTION—TRESPASS—CUTTING TIMBER.—Injunction will not lie to prevent a trespasser from cutting timber where there was no proof of irreparable injury to the freehold nor of defendant's insolvency. (Page 117.)

2.  ACTION—WRONG FORUM—DISMISSAL.—Where an action to enjoin the cutting of timber, was improperly brought in equity, the cause should be dismissed without prejudice to plaintiff's right to bring an action at law. (Page 117.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; modified and affirmed.

*Driver & Harrison,* for appellant.

The two years time fixed in the reservation in the deed was the limit of title. It did not give the appellee an absolute interest in the trees, nor a perpetual right to enter and remove the standing timber on the land, but his estate in the trees was determined if they were not removed from the land within two years. 130 N. Y. 465; 34 Barb. 566; 60 Mich. 622; 63 Ark. 10; 69 Ark. 442; 57 Wis. 118; 37 Wis. 360; 26 Mich. 523; 19 Am. Dec. 330; 6 Atl. 48; 164 Pa. St. 234; 54 N. H. 109.

*J. T. Coston* and *Murphy, Coleman & Lewis,* for appellant.

1. The title to the timber did not pass to the vendee at the expiration of two years. The intention of the parties is the controlling principle, and the language of the deed, construed in

the light of the situation of the parties and of the circumstances, points to the conclusion that the stipulation to remove the timber within two years was intended by the parties to be a covenant, and not a limitation upon the title of the grantor or a condition of forfeiture. 111 Ga. 65; 106 Ga. 353.

2. Having been prevented by an unusual amount of water on the land from removing the timber within the two years, it would be inequitable to deny appellee the right to remove it after the expiration of that time. 122 Ga. 330; 150 Ind. 85. Where a complainant comes into a court of equity seeking its aid, such aid will not be granted except upon equitable terms. 52 Ark. 157; 53 Ark. 69; 76 Ark. 245; 16 Cyc. 140.

3. There is no equity alleged in the complaint, and none is disclosed by the proof. There was no allegation or proof of insolvency of defendants, nor of irreparable damage to plaintiff. 75 Ark. 288; 67 Ark. 414.

BATTLE, J. "On the last day of November, 1901, Wilson & Beall, a firm composed of R. E. Lee Wilson and S. A. Beall, sold and by warranty deed of that date conveyed to appellant the southwest quarter of section 13 and the southeast quarter of the northwest quarter of section 13, township 12 north, and range 9 east in Mississippi County, Arkansas, which deed contained the following clause: "Wilson & Beall reserve all merchantable timber on said land same to be removed within two years from date." On the 27th day of November, 1903, appellant instituted this suit in the chancery court of Mississippi County, alleging that appellee Wilson and his employees, John Merrill and J. H. Page, made codefendants, had entered upon the land and were cutting and removing timber therefrom, to the irreparable damage and injury of appellant, praying an injunction to restrain appellee and codefendants from cutting and removing the timber from the land."

The defendants, appellees, answered and admitted the execution of the deed to appellant, and Wilson claimed the merchantable timber on the land conveyed under the reservation therein.

The depositions of witnesses were taken, and the cause was submitted at the October, 1905, term of court. The court found that the title to the merchantable timber on the land was never

conveyed and did not pass to plaintiff, the appellant, and that the defendant-appellee, Wilson, is the owner of it, and rendered decree in favor of the defendants, dismissing the complaint for want of equity.

Neither the complaint nor the evidence in this case show that the plaintiff was entitled to relief by injunction. What is said in *Myers* v. *Hawkins,* 67 Ark. 413, is applicable and appropriate in this case; and nothing more, in addition, need be said in this suit. See also *Western Tie & Timber Co.* v. *Newport Land Co.,* 75 Ark. 286.

The decree of the chancery court is modified so as to dismiss the complaint for want of equity, without prejudice to plaintiff's right to bring an action at law for damages, or for the recovery of timber or both.