DAVIS v. DAVIS.

Opinion delivered January 3, 1910.

1. INJUNCTION—TRESPASSES.—Equity will not restrain trespasses upon real property when the injury is not irreparable and destructive of plaintiff's estate, or where he has an adequate remedy at law. (Page 101.)

2. CONTRACT—CONSTRUCTION.—Under an agreement by a father to leave his lands to his children at his death if they would live with him, they acquired no interest in the lands. (Page 101.)

3. HUSBAND AND WIFE.—ADVANCEMENT.—A husband is not liable to refund money furnished by his wife to improve his home. (Page 102.)

4. IMPROVEMENTS—COLOR OF TITLE.—One who makes improvements without having color of title is not authorized, under Kirby's Digest, § 2754, to recover compensation therefor. (Page 103.)

5. CONTRACT—BREACH—DAMAGES.—Where a father agreed to furnish a home to his daughter, and afterwards broke such agreement, she will not be entitled to hold him liable for such amount as she might have earned elsewhere. (Page 103.)

6. SET-OFF AND COUNTERCLAIM—INDEPENDENT MATTER.—In a suit to enjoin defendant from trespassing upon plaintiff's land, defendant is not entitled by way of counterclaim to set up that she is entitled to compensation for domestic services rendered to plaintiff. (Page 103.)

Appeal from Benton Chancery Court; *T. Haden Humphreys,* Chancellor; reversed.

*J. A. Rice,* for appellant.

No issue was raised as to improvements, either in the pleadings or evidence. Hence the court was without power to render judgment for improvements. 1 Black on Judgments, 2d Ed. 183; 15 S. W. 870; 133 Cal. 228; 40 S. W. 1041; 51 S. W. 337; 32 S. W. 250. The value of improvements can be recovered only by those claiming under color of title. Kirby's Dig., § § 2751-2754; 59 Ark. 144; 47 Ark. 62; *Id.* 528; 53 Ark. 545. The instrument referred to as the will of E. J. Davis is not established as such by the evidence. 80 Ark. 204; Kirby's Dig., § 8053. To constitute a liability for money advanced by the wife to the husband, there must be a loan by her to him in good faith, and upon his promise to repay. 49 Ark. 430.

*R. F. Forrest,* for appellees.

There was a definite contract or agreement by appellant to give one-fourth each to Mrs. Beauchamp, Oscar and Ella, and one-fourth to the two boys. This appellant admits, and, the grantees being placed in possession, it has the force of a conveyance, and should be so construed. 75 Ark. 87; 50 Ark. 367; 74 Ark. 105; 6 Ark. 119; 68 Ark. 544; Warvelle on Vendors, § 347; Tiedeman, Real Prop., § § 815; Thornton on Gifts, § § 174-5; 77 Ark. 89. Having placed appellees in possession under a parol contract, appellant is estopped from claiming the benefit of, or protection under, the Statute of Frauds. 42 Ark. 246; 5 L. R. A. 323 and notes; 82 Ark. 42; 32 Ark. 97; 32 W. Va. 463; 1

Ark. 392; 19 Ark. 25; 21 Ark. 110; 30 Ark. 250; 44 Ark. 424; 2 Story, Eq. § 761; 83 Ark. 414. A gift *inter vivos,* accompanied by such delivery as the nature of the property will admit and the circumstances render reasonably possible, operates *in praesenti,* and, between the parties, is irrevocable. 43 Ark. 307; 44 Ark. 42; 59 Ark. 191; 60 Ark. 169; 84 Ark. 109; 20 Cyc. 1212.

The presumption of gratuitous service by the child to the parent may be overcome by proof of an express or implied agreement to pay for such service. 11 L. R. A. (N. S.) 899; 56 Ark. 383; 67 S. C. 240.; 181 Mass. 471; 63 N. E. 947; 7 Cal. 511; 41 Mo. 441. The proof is uncontradicted that the instrument called the will of Eliza J. Davis is in her handwriting, and the signature hers; and the court correctly construed it as she intended it. 50 Cal. 595; 118 N. C. 202; 80 Ark. 205.

BATTLE, J. William Davis, Eliza J. Davis, Oscar F. Davis, Lelia A. Beauchamp and Ella B. Davis, William being the father, and Eliza J. Davis being the mother, of the other three, constituted one family. Discord reigned among them. Father and children lost respect for, and confidence in, each other, and indulged in disparagement; and paternal feeling and filial love and affection seemed for awhile to have departed from their midst. Finally the mother died, and was buried, and the children made ready to depart, and the old man softened, and invited them to remain with him in the old homestead, and they accepted his invitation. They remained a short time when the same old bickerings, ill-will, discord and vituperation returned. The old man grew tired of the children, and brought this suit against them, on the twenty-first day of August, 1908, in the Benton Chancery Court, to drive them from his home. He alleged in his complaint that he is the owner of a certain tract of land containing forty acres, "and that he resides thereon, and cultivates the same as his only means of support, and that for a long time the defendants have habitually and unlawfully, against his will and consent, interrupted plaintiff in the possession and quiet enjoyment of his property by persisting in residing thereon and assuming the authority to manage and control same, and by preventing plaintiff's tenants and other employees from occupying and cultivating the same, and by otherwise unlawfully interfering with plaintiff's peaceable enjoyment of said premises and to his great personal discomfort and financial injury and damage, and threaten

to and will continue to do so unless restrained from so doing. He asked that they be perpetually enjoined from such interference and interruption in plaintiff's quiet and undisturbed enjoyment of his property and his home."

Mrs. Beauchamp, a defendant, answered and admitted that the legal title in the land is vested in the plaintiff, but denied the other allegations in his complaint. And she alleged:

"And this defendant says that in the month of August, 1907, she was requested by the plaintiff to take up her residence upon said premises; that in compliance with the said request she did so; that plaintiff agreed that if she would do so he would make title to this defendant, to her brother, Oscar F. Davis, and to her sister, Ella B. Davis, to an undivided one-fourth interest each in the lands and premises set forth in the complaint, and, as a further consideration for her doing so, that he would deed to her sons, John L. Beauchamp and Earl R. Beauchamp, an undivided one-eighth interest each in the lands and premises. * * * * That by reason of her contract with plaintiff she declined an offer of $65 a month and her expenses as a traveling saleslady; that she could have made during said time as saleslady the sum of $780, but that, instead of accepting the sum, she, in compliance with her contract with plaintiff, has devoted all of her time and attention to him and his business, to her great loss, towit, in the sum of $780. And the defendant, further answering, says that, as a part of her contract with William Davis, she was to occupy the land and premises during the lifetime of William Davis, free from any charge for rent or otherwise from her, together with her brother, Oscar F. Davis, and her sister, Ella B. Davis. And this defendant prays that this plaintiff be enjoined and restrained from in any manner selling or disposing of the real estate, or from mortgaging or incumbering the same in any manner whatever. And defendant, having fully answered, prays that, upon a final hearing of this cause, she be decreed an undivided one-fourth interest in the lands; that the court find that she is entitled to occupy the same in connection with her brother, Oscar F. Davis, during the lifetime of the plaintiff. That she have and recover all her costs in their behalf laid out and expended, and that she have and recover all other proper legal and equitable relief to which in good conscience she is entitled, and will ever pray."

Oscar F. Davis answered, and made the denials contained in the answer of Mrs. Beauchamp, and by way of cross-complaint pleaded the same contract with the plaintiff, and asked for specific performance of the same.

Ella B. Davis answered and denied the allegations contained in the complaint of plaintiff, and, further answering, said:

"The defendant, answering further and by way of cross complaint, states that on or about the 14th day of December, 1895, Eliza J. Davis, the mother and wife of plaintiff, inherited as her share from her father's estate the sum of $357.76, and gave of this inheritance $300 to the plaintiff, with which plaintiff built the house upon the premises, and otherwise improved the same. That Eliza J. Davis, prior to her death, bequeathed to the co-defendant, Ella B. Davis, this money, together with her interest in the land, and requested the plaintiff to pay the money to this defendant, which the plaintiff has failed to do. That this defendant has an interest in the S. W. ¼ S. W. ¼ of section 5, township 17, R. 33 W., in the sum of $300 and interest at the rate of 6 per cent from the 14th day of December, 1895. And the defendant, further answering, states that in the year 1885 the plaintiff employed her to labor as a domestic in his family and agreed to pay her reasonable compensation per week for her services. That she labored for the plaintiff as domestic for twenty-three years. That her services were reasonably worth the sum of $5 per week, and that there is due her for services aforesaid the sum of $5,980. That eighteen years ago plaintiff employed this defendant as a nurse to nurse and care for his sick wife, and agreed to pay her therefor what her services were reasonably worth, and that her services as a nurse were reasonably worth the sum of $1 per day, and that the plaintiff is justly indebted to her in the sum of $6,205 for services as nurse. That, from the time that the defendant entered the services of the plaintiff, there has been running between them a mutual running account, and that no settlement has ever been had with the plaintiff for the services so rendered by this defendant, and that there is now due and unpaid to this defendant the sum of $12,185. And the defendant, further answering, says that in the month of August, 1907, the plaintiff approached Mrs. L. A. Beauchamp, and stated to her that he desired this defendant, her brother, Oscar F. Davis, and Mrs. L. A. Beauchamp to remain with him

and care for him during his declining years, and stated that, as compensation for their care and attention, he would leave to each of them a one-fourth interest in the lands and premises hereinbefore described in plaintiff's complaint, and would leave to John L. Beauchamp and Earl R. Beauchamp an undivided one-eighth interest in said estate. And this defendant thereupon accepted the proposition so made by William Davis, and has since continued to remain at his home 'and to do and perform all duties incumbent upon her and to care for and nurse and minister to the said William Davis and look after his wants and household affairs as best her abilities would permit."

And she prayed as follows:

"The premises being proved, this defendant prays that the court determine what interest she has in said premises, and that she have partition thereof. That she have specific performance of the contract so entered into by and between William Davis and this defendant. That the court declare her entitled to an undivided one-fourth interest in the lands and premises subject to the life estate of William Davis, and that William Davis be enjoined and restrained by the court from in any way selling or disposing of the lands or from in any wise mortgaging or incumbering the same, and that upon a final hearing of this cause she have such other general, proper and equitable relief as equity and good conscience may require."

The plaintiff answered the cross-complaints of Mrs. Beauchamp and Oscar F. Davis, and denied that he entered into an agreement, orally or otherwise, with either of them that he would convey to them, or either of them, a one-fourth interest in the lands, or that either of them, in pursuance of any such agreement, rendered any service whatever; that Mrs. Beauchamp, at the time of his alleged contract with her, had any definite contract or understanding with any other person whereby she was entitled to a monthly salary of $65 per month, or any other sum.

And for further defense he stated: That the contract set out in the cross complaints and relied upon by Mrs. Beauchamp and Oscar F. Davis, if made, was oral, and under the statute of frauds is void, which he expressly pleaded.

And he answered the cross-complaint of Ella B. Davis as follows:

"Plaintiff, in his answer to the cross complaint of Ella Davis,

denied his liability in any sum whatever to her, or that he ever employed her as a domestic or nurse, or that she rendered any services in pursuance of such employment or understanding, or that he ever at any time agreed to pay her for any such services. During the time of alleged services she was a member of his household, residing with him as a child and member of his family, and whatever services she rendered, either as a domestic or as a nurse in caring for her sick mother, were rendered as a child and member of the household and without any expectation or understanding that she was to be compensated therefor, other than to share in the home in common with the other members of the family, which she did; and that at no time prior to the bringing of this suit did she disclose to the appellant that she expected him to pay for said services. And he further shows that her claim for compensation for such services is stale, outlawed and barred by the statute of limitation, which is pleaded as a defense herein, and that the alleged contract to convey an interest in the lands to her was never made, and if made was oral, not in writing and is void under the statute of frauds, and was without consideration, and that the defendant has no vested rights or claims against the lands, either presently or prospectively. He denies that she ever rendered any service in pursuance of any such contract.

"And, for further defense to her cross complaint, he denies that Eliza J. Davis, mother of defendant, Ella Davis, had any interest in the lands other than a widow's inchoate right of dower, but admits that in the year 1895 his wife, Eliza J. Davis, inherited some $350 from her father's estate, and that a portion thereof was used by appellant and his wife, Eliza J. Davis, in the construction of a residence, or dwelling house, upon the property in controversy, some ten or twelve years ago, and that the remainder of said inheritance was used by the family for the common uses and benefits of all the members of the family, including Eliza J. Davis, and without any understanding that the same was a loan by her to her husband to be repaid, or that the same was ever to become a charge against him, personally, in his lifetime or against his estate at his death."

The plaintiff demurred to the separate cross-complaint of the defendants, and for cause stated:

"1. That the facts set forth in said cross-bills, if true, do do not constitute a cause of action against the plaintiff.

"2. Because the alleged contract set forth in said cross-bills, under and by which the defendants claim an interest in the lands described in the complaint, is oral, not in writing and void under the statute of frauds and of no force and effect.

"3. Because the claim for services set forth in the cross-bill of defendant Ella Davis shows upon its face to be stale and barred by limitation; and because the claim for service set forth in said cross-bill cannot be litigated or adjudicated as a defense to plaintiff's action."

A motion was filed to dismiss the complaint as to Ella B. Davis.

The court, after hearing the evidence adduced by all the parties, dismissed the complaint as to Ella B. Davis, and found as follows:

"1. That plaintiff, William Davis, is the sole owner of the lands and improvements thereon and described as follows: S. W. ¼ sec. 5, twp. 17 north, range 33 west, Benton County, Arkansas, and is entitled to the peaceable and quiet and uninterrupted possession thereof, as against the defendants L. A. Beauchamp and Oscar F. Davis.

"2. That the defendant, Oscar F. Davis, is entitled to recover of appellant, William Davis, $21 for improvements on the premises by him.

"3. That L. A. Beauchamp is entitled to recover of appellant $275 for improvements made on the place by her.

"4. That the defendant, Ella Davis, is entitled to recover of appellant $250 'for improvements made on the lands with money bequeathed to her by her mother, Eliza J. Davis.'

"5. That the contract set forth in the cross-complaints whereby cross-complainants claim an interest in the lands has become burdensome and impracticable, and that it would be unreasonable to specifically perform and enforce the same as against the plaintiff, William Davis.

"6. And the court enjoined the defendants, Oscar F. Davis and L. A. Beauchamp, from going on and residing upon the lands described against the consent of the plaintiff, except for the purpose of visiting Ella Davis, while residing thereon.

"7. And the court declared a lien upon the land hereinbefore described to secure the payment to the several defendants

the several sums of money hereinbefore mentioned and adjudged to be due them, with interest, provided neither of said sums shall become due and payable until the death of appellant, William Davis, or until he should sell the lands, and that the lien shall be nonenforceable so long as plaintiff, William Davis, remains the owner of the same.

"8. And the court adjudged and decreed in accordance with the foregoing findings and judgments, and that one-half of the cost be paid by each party, except Ella Davis, who recovers all her costs against the plaintiff." .

Both parties have appealed.

Plaintiff is not entitled to the relief prayed for in his complaint. Courts of equity do not grant injunctions to restrain trespassers when the injury is not irreparable and destructive of plaintiff's estate, or where he has a full and adequate remedy at law. · *Myers* v. *Hawkins,* 67 Ark. 413; *Haggart* v. *Chapman & Dewey Land Company,* 77 Ark. 527; *Western Tie & Timber Company* v. *Newport Land Company,* 75 Ark. 286; *McCarty* v. *Wilson,* 81 Ark. 115; *Hall* v. *Wellman Lumber Company,* 78 Ark. 408; *Terry* v. *Rosell,* 32 Ark. 478, 489; Ex parte *Foster,* 11 Ark 304. It is true that plaintiff alleged in his complaint that defendants have been and are now trespassing upon his land, to his irreparable injury, but the evidence failed to sustain the allegation. On the contrary, the court found that they had improved his land, and awarded sums of money to each of them for improvements.

The defendants base a claim to an interest to the land upon a request of them to remain at his home, made by plaintiff about the second day of September, 1907, the day after their mother was buried. This claim is based upon the testimony of the defendant, Mrs. Beauchamp. She testified that her father said:

"Lelia, I know that you intend to leave. If you will stay here, and you go and beg Oscar and Ella to stay, I will give you one-fourth of the place, Ella and Oscar each one-fourth, and your two boys the other one-fourth." He said: "There is no other little clod of dirt that will be home to you." And he said: "I will do different to what I have ever done. I will do what you say. I won't be here long."

Plaintiff testified: "A day or two after my wife died, notwithstanding the family had been living very disagreeably and

unpleasantly for a number of years, I suggested to Mrs. Beauchamp one morning that I would like for us all to live together, in case that we could live and get along in peace; live as a family should live; I emphasized that. I repeated that because we had not got along together for a number of years. But I suggested to her that we would try to live together if we could live together as a family ought to, and live in peace, and spoke about it being pleasant for us all to live together if we could get along, and, further, that if we all could live together peaceably, not saying we had to remain on that place or that they should remain, I remarked that at my death, in case of our living together as a family should, if I had anything left, to whom it would belong. I told them that the land should be divided between Mrs. Beauchamp, Oscar and Ella Davis in equal parts, and John and Earl Beauchamp, Mrs. Beauchamp's sons, one-quarter each. That what I had left should be divided among them equally." This conversation had reference to the division of his land at his death. All of them seem to have understood that the father would hold the land during his life, and that at his death it would be divided among them in the proportion stated. The promises were made gratuitously. There was no contract. The whole burden was upon the father. The children were to stay on his place. They were to pay no consideration, and have no control of the farm or the lands, and to receive no part of its profits. There was no stipulation that they would do anything for him, but only stay—make their home with him, he furnishing the home. They acquired no interest in his lands.

Ella B. Davis acquired no right to or against the land by the paper writing handed to her by her mother. It was as follows:

"After my death, when this place is sold, I want Ella to have the $250 that is in it, and that I give her the wardrobe and sewing machine and the bedstead, and I want my children to have my part of the land.

(Signed)                                        "E. J. Davis."

The body of it and the signature to the same are in the handwriting of Mrs. Davis. It is unattested, and, under the statutes of this State, must be established, if at all, by the unimpeachable evidence of at least *three disinterested witnesses.* Kirby's Digest, § 8012, sub. 5. The writing in this case was

not so established, and was not competent evidence. If it was, there was no evidence that the $250 mentioned therein was used in the improvement of the lands in question under the contract or promise of plaintiff, Mrs. Davis's husband, to return the same. Plaintiff testified that there was not. She had the right to give it to him, or contribute it to the improvement of their home, and he cannot be forced to return it. *Pillow* v. *Sentelle,* 49 Ark. 430, 438.

The improvements for which the court allowed the defendants compensation were not made under color of title, and under the statute they were not entitled to compensation for the same. Kirby's Digest, § 2754. And there were no rents against which they could set off improvements in equity. *Teaver* v. *Akin,* 47 Ark. 532.

Plaintiff was not liable to Mrs. Beachamp for the $65 a month she failed to earn as a traveling agent to sell. He had not undertaken to pay her that amount, nor was such a failure the result of the breach of contract that she alleges that she made with the plaintiff.

The claim of Ella B. Davis for compensation for services she rendered plaintiff as a nurse or domestic is entirely distinct and independent from the subject-matter of this suit, and cannot be legally or equitably litigated in the same.

The decree of the chancery court is reversed, and the cause is remanded with directions to the court to dismiss the complaint and cross-complaints for want of equity.