LITTLE RED RIVER LEVEE DISTRICT No. 2 *v.* THOMAS.

Opinion delivered June 26, 1922.

1. INJUNCTION—CUTTING TIMBER.—As a general rule, equity will not grant injunction against cutting timber, unless an irreparable injury to the property will result, or the destruction of the timber will render the freehold less susceptible of enjoyment, or the acts of trespass are of such a nature to establish a nuisance, or the defendant is insolvent.

2. JUDICIAL SALE—NECESSITY AND EFFECT OF CONFIRMATION.—A sale of land for taxes by a commissioner under a decree of court is not complete until confirmed, but on confirmation all objections to the sale are concluded, and the rights of the purchaser relate back to the date of sale.

3. TAXATION—RIGHTS OF PURCHASER AT TAX SALE.—During the period of redemption a purchaser at a tax sale has no right to the possession of the land, and therefore no remedy at law against the former owner for cutting and removing growing timber from the land.

4. INJUNCTION—IRREPARABLE INJURY.—Injunction will be granted where the injury is of such a peculiar nature that compensation in money cannot atone for it.

5. EQUITY—ADEQUATE REMEDY AT LAW.—An adequate remedy at law means a present remedy, not one that might be exercised at some time in the future.

2. INJUNCTION—CUTTING OF TIMBER.—Where land chiefly valuable for its timber was sold under a tax sale, the purchaser, though not entitled to possession because the redemption period had not elapsed, was entitled to an injunction restraining the wrongful cutting of the timber.

Appeal from White Chancery Court, *John E. Martineau,* Chancellor; reversed.

## STATEMENT OF FACTS.

This is a suit brought in equity by the Little Red River Levee District No. 2 against A. E. Thomas to restrain him from cutting and carrying away timber on certain lands claimed by it as purchaser under a foreclosure sale in chancery to collect the levee taxes due on the lands.

It appears from the record that certain levee taxes on the lands were not paid; that Little Red River Levee District No. 2 was duly organized under the statutes of this State, and brought a suit in chancery to foreclose its lien against said lands for the nonpayment of the levee taxes; that a decree was rendered in its favor for the taxes, penalty, and costs against the lands mentioned in the complaint; that said lands were ordered sold by a commissioner appointed for that purpose; that, pursuant to the terms of the decree, they were sold for the nonpayment of said levee taxes, penalty, and costs; that plaintiff became the purchaser at said sale, and a certificate of purchase was duly issued to it by said commissioner; that since the purchase by the plaintiff at said sale, the defendant and his servants have unlawfully entered upon said lands and are cutting and carrying away the growing timber therefrom; that said timber is of great value, and that said defendant is threatening to continue to cut down and remove said timber, in disregard of the plaintiff's rights; that said lands are chiefly valuable on account of the growing timber thereon; that plaintiff has no reasonable way of ascertaining the quantity and value of the timber being removed by the defendant, and that an investigation to determine that fact is prohibitive on account of the expense thereof; that plaintiff has no right to the possession of said lands until the period of statutory redemption in favor of the original owner expires, and the plaintiff is therefore without adequate remedy at law.

The prayer of the complaint is that the defendant be enjoined from cutting and removing the trees from said lands.

The defendant filed a demurrer to the complaint, which was sustained by the chancery court. The plaintiff elected to stand on its complaint and declined to plead further. The chancery court dismissed the complaint for want of equity, and plaintiff has duly prosecuted an appeal to this court.

*Culbert L. Pearce,* for appellant.

In seeking a reversal of the chancellor's denial of injunctive relief in this case, we are not unmindful of the declarations by this court in *Meyers v. Hawkins,* 67 Ark. 413; *Western Tie & Timber Co.* v. *Newport Land Company,* 75 Ark. 287, and *Hall* v. *Wellman,* 78 Ark. 408; but the facts of each case should be considered, and the rule most suitable to the facts applied, as is the inclination of the courts at the present time, to the end that justice and equity may prevail. Certainly, under the facts alleged in the complaint, appellant is entitled to equitable relief, and should not be remitted to a court of law. 4 Pomeroy on Equity, 4th Ed. 3239; 5 *Id.* p. 4332; 14 R. C. L., 443, 455, 457, 459; 84 Fed. 546; 92 Mo. App. 510; 43 L. R. A. (N. S.) 262; L. R. A., 1917-C, 232; 122 Fed. 735; 43 Ore. 400, 49 Am. St. Rep. 759.

*Brundidge & Neelly,* for appellee.

Appellant gives no reason why the court should overturn its long established rule relative to injunctions to prevent trespass to real property, unless he means to contend as a reason for reversal that there was a continuing trespass; but there are no allegations in the complaint to support that contention. If appellant has any right to equitable relief at all, the suit is prematurely brought, since, in a case of this kind, as in ejectment, the plaintiff must rely upon the strength of his own title, and not upon the weakness of his adversary's. 14 R. C. L. 450; 73 Ark. 201.

In support of the chancellor's ruling, in addition to the three decisions first cited by appellant, see 144 Ark. 94.

HART, J., (after stating the facts). The general rule in this State is that equity will not grant relief by injunction against the cutting of timber unless it is shown that an irreparable injury to the property will result, or that the destruction of the timber will render the freehold less susceptible of enjoyment, or that the acts of trespass are of a nature to constitute a nuisance, or that the defendant is insolvent. *Meyers* v. *Hawkins*, 67 Ark. 413, and *Hall* v. *Wellman Lumber Company*, 78 Ark. 408.

The decree of the chancellor was based upon his belief that the facts alleged in the complaint brought the case within the general rule just announced.

We cannot agree with the learned chancellor in this conclusion. According to the allegations of the complaint, the levee district purchased the lands in question at a foreclosure sale in chancery for the nonpayment of the levee taxes, and received a certificate of purchase. The lands are chiefly valuable for the growing timber on them, and the defendant commenced to cut and remove the timber from the lands during the period of time for redemption under the statute allowed the original owner of the lands. The defendant threatened to continue his trespass in cutting and removing the timber from the lands. Without confirmation, a sale made by a commissioner under a decree of court is not complete so as to pass the title to the lands sold, and the sale may be set aside upon valid grounds. When, however, a confirmation of the sale is made, all objections thereto are concluded, and the rights of the purchaser springing therefrom relate back to the date of the sale which was made by the commissioner. *Robertson* v. *McClintock*, 86 Ark. 255, and *Brasch* v. *Mumey*, 99 Ark. 324.

The trespasses in the present case were committed during the time for redemption allowed the original owner of the lands.

During the statutory period of redemption the levee district had no right to the possession of the lands, and therefore no remedy at law against the defendant during

this period of time for cutting and removing the growing timber from the lands.

In the first case cited above, injunctive remedy was denied because the plaintiff's remedy at law was adequate and complete. On this point the court said:

"They can sue in ejectment for possession of the land, recover the timber already cut, and that may be cut, in replevin, if it can be found, and, in case the timber already cut has been removed and cannot be found, they can recover its value; for it does not appear that appellee is insolvent." *Meyers* v. *Hawkins,* 67 Ark. 413.

In *Hall* v. *Wellman Lumber Company,* 78 Ark. 408, an injunction was granted to the plaintiff on the ground that his remedy at law was not adequate and therefore his loss would be irreparable. The peculiar facts of that case were that the plaintiff had purchased the timber from the owner of the land and had erected a mill near the land to manufacture the timber into lumber. Its loss could not be compensated by the market value of the timber, and on this account it was held that its remedy at law was inadequate.

As we have already seen, insolvency is an element in determining whether or not the court should act in granting an injunction in a case like this. It is also manifest, from the cases cited, that any injury of such a peculiar nature that compensation in money cannot atone for it will be considered an irreparable injury and therefore remediless at law. An adequate remedy at law means a present remedy, and not one that might be exercised at some time in the future. For instance, in the present case the defendant might cut and remove all the timber from the lands and leave the State, or become insolvent, during the statutory period for redemption given the owner. It is true that when the period of redemption has expired without that right having been exercised by the owner, the rights of the purchaser will relate back to the date of the sale, but in the meantime the defendant will have denuded the lands of the timber, and the plain-

tiff would have no redress at law. The complaint shows that the chief element of value to the lands is the growing timber on it. Therefore, the remedy of the plaintiff at law would be inadequate and incomplete, and his loss would be irreparable.

This brings the case under the general rule that an injunction will lie to restrain trespass in cutting and removing timber from land where the injury done or threatened would result in irreparable loss to the plaintiff.

It follows that the decree must be reversed, and the cause will be remanded, with directions to overrule the demurrer to the complaint, and for further proceedings in accordance with the principles of equity.