Landrigan vs. The State.

---

### LANDRIGAN vs. THE STATE.

1. RAILROAD COMPANY: *Power to enforce reasonable regulations, etc.*

A railroad company may make reasonable regulations for the conduct of all persons who come upon its premises, and authorize its agents and servants to remove therefrom any person who violates its regulations, using no greater force than is necessary.

2. ———: *Power to eject hotel runners from platforms.*

Where an inn keeper, or his agent, in violation of a regulation of a railroad company, comes upon its platform for the purpose of soliciting patronage for his hotel, he may be ejected by the servants of the company, who may use such force as is necessary for that purpose.

APPEAL from *Miller* Circuit Court.

Hon. JAMES K. YOUNG, Circuit Judge.

*Loughborough & Moore,* for appellant.

*Hughes,* Att'y Gen'l for State.

HARRISON, J.:

The appellant, Pat. Landrigan, was tried before a justice of the peace, upon a charge of assault and battery, and found guilty. Upon an appeal to the Circuit Court the case was tried upon the following statement of facts:

"On the 14th day of October, 1875, the defendant was the watchman at the depot of the St. Louis, Iron Mountain and

Southern Railway Company, in Texarkana, in Miller County, Arkansas. The company had adopted a regulation which forbid the entry of inn keepers or their agents upon the platform of said depot for the purpose of soliciting passengers to patronize their houses. This regulation was for the prevention of annoyance to passengers, and interference with the business of the employees of said company, and it was the business of the defendant to enforce it. On the aforesaid day Charles Price, the party assaulted, knowing of the regulation, entered on the platform of the depot for the purpose of soliciting patronage for a hotel. The defendant warned him that he was violating the aforesaid regulation, and notified him to desist; he refused to do so, and thereupon the defendant laid hands upon and, without unnecessary violence, ejected him from the platform.

He was again convicted and fined.

He moved for a new trial, because the conviction was not warranted by the agreed statement of facts, which was refused.

It is well settled that a railroad company has the power to make reasonable and proper regulations for the conduct of all persons who come upon its premises, and to authorize its agents and servants, to remove therefrom, using no unnecessary force, those who violate them. Pierce on Railroad Law, 248; 1 Redfield L. Railways, 93-97; *Commonwealth* v. *Power*, 7 Met., 596; *Hall* v. *Power*, 12 Met., 482; *Harris* v. *Stevens*, 31 Vt., 79; Whar. Am. Cr. Law., sec. 1255.

And it is directly decided in the above case of *Commonwealth* v. *Power*, that it may remove an inn keeper from the station, who, in violation of its rules, persists in entering it to solicit patronage for his house to the annoyance of passengers, and the interruption of its business.

In that case the Supreme Court of Massachusetts says:

" The court are of the opinion that the railroad corporation, both as the owners and proprietors of the houses and buildings

connected with the railroad and as carriers of passengers, have authority to make reasonable and suitable regulations in regard to passengers intending to pass and repass on the road in the passenger cars, and in regard to all other persons making use of such houses and buildings. This authority is incident to such ownership of the real estate, and to their employment as passenger carriers; and all such regulations will be deemed reasonable, which are suitable to enable them to perform the duties they undertake, and to secure their own just rights in such employment, and also such as are necessary and proper to insure the safety, and promote the comfort of passengers." And they say further: "The regulations in question are such as an individual who should happen to be the owner of the depots and buildings, and of the railroad cars, would have power to make in virtue of his ownership of the estate, and of his employment as a carrier of passengers."

And the Supreme Court of Vermont in the case of *Harris* v. *Stevens*, 31 Vt., 92, says:

"As has been said, the corporations, by erecting their station houses, and opening them to the public, impliedly license all to enter; still such license is revocable as to all, except those who have legitimate business there growing out of the road, or with the officers, or employees of the company."

The regulation the defendant was enforcing, was a reasonable and proper one, and such as the company had a very clear right to make, and as he used no greater force or violence than was necessary, he committed no offense; and was improperly convicted.

The judgment of the court below is reversed and the cause remanded to it, with instructions to grant the defendant a new trial, and to proceed according to law.