BOYKIN *v.* JONES.

Opinion delivered March 10, 1900.

LIS PENDENS—WIFE NOT BOUND BY SUIT AGAINST HUSBAND.—Where land owned by a husband was sold for taxes, and purchased by his wife from the assignee of the tax-title, she was not affected by the pendency of a suit to recover the land from the husband, since her title was in opposition to his. (Page 574.)

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

*Fletcher Roleson,* for appellants.

A purchaser *pendente lite* takes subject to the result of the suit. Freeman, Ex. § 475. As forcible entry and detainer is an action which excludes inquiry as to all defenses except as to the character of the possession, it was improper in this case. The sheriff was not a trespasser. 137 U. S. 43; 15 Wall. 671. In any event, appellee could not recover more than an individual half of the property held by her in common with appellants. Freeman, Cot. § 295. She could not acquire the interest of her cotenants under a tax sale. 40 Ark. 42. The tax deeds described nothing, and were inadmissible as evidence of the extent of plaintiff's holding, or for any other purpose. 56 Ark. 172; 50 Ark. 484. Appellee, being in possession at the time of the forfeiture, could not acquire title by the tax sale, as against the true owner. 42 Ark. 214.

*McCulloch & McCulloch,* for appellee.

Appellee, being in possession claiming title, could not be lawfully turned out under a writ against her husband. 50 Ark. 451. The instructions given were correct. The remedy of forcible entry is designed to protect only the actual possession, and it is no defense that the defendant is legally entitled to possession. 53 Ark. 94; 106 N. Car. 494; 47 Pac. 1086; 46 Pac. 568. Neither appellee nor her husband was

under any obligation to pay the taxes, and either was in a po·
sition to buy in the outstanding tax title. 45 Ark. 177; 33
*id.* 195; 21 *id.* 160; 20 *id.* 381, 17 *id.* 546; 61 Ark. 464. A
writ of possession to enforce a judgment for recovery of land
must be against the defendant in the action; and one who was
not a party to the suit, and not holding under, or in collusion
with, the defendant can not be turned out under the writ. 10
Allen, 133; 22 Wis. 655; 25 Mo. 47; 40 *id.* 475; 44 *id.* 180;
36 Ill. 53; 39 Am. Dec. 307, 312; 38 Cal. 241; Freeman, Ex.
§ 475; 1 Caines, 500; 4 Paige, 204; 8 *ib.* 34; *ib.* 565; 5 Litt.
305; 2 A. K. Marsh. 40; 23 Wend. 480.

BUNN, C. J. This is an action of "forcible entry," by
Lydia A. Jones, against the defendants, J. D. Boykin, G. W.
Slaughter and DeWitt Anderson, for the possession of a lot in
the town of Marianna, Lee county, the possession of which she
alleged had been forcibly taken from her by defendants on the
3d day of May, 1897. The plaintiff claimed to be the owner
of the lot or lots, and entitled to the possession of the same, and
that at the time of said ouster she was in possession, and had
been for a long time previously thereto.

The defendants, in their answer, deny that plaintiff was
the owner of said land, and deny that she was ever in posses-
sion until put in possession under the writ issued in this suit.
They also deny that they forcibly took possession from her as
alleged, and also that plaintiff has suffered any damage thereby.
They say that they (that is, one of them, George W. Slaughter, as
sheriff of said county at the time stated in the complaint), act-
ing under and by virtue of a writ of possession against W.
B. Jones, took possession as charged, and not otherwise.
Wherefore they ask that plaintiff take nothing by her suit.

The evidence shows much controversy as to the descrip-
tion of the lot in controversy, and this was brought about by
a change in description. For instance, formerly lot 8 embraced
a large plat of ground, owned by several parties, but, after
the termination of a certain suit, and when a street, called
"Mississippi Street," had been opened through the tract, the
part on one side the street still went under the description of
lot 8, while on the other side the part was put on the tax

books by the clerk as lot B, block B, and was forfeited by that description to the state. All this controversy was immaterial, except in so far as it went to show the possessory rights of the parties. It appears that on 26th October, 1887, in a suit in the Lee county circuit court, wherein A. Y. Yarborough et al. were plaintiffs, and W. B. Jones, husband of plaintiff herein, was defendant, judgment was rendered against W. B. Jones and for the plaintiffs for the lands in controversy. It also appears that in another suit with same parties plaintiff and defendant, judgment was rendered on 2d day of May, 1890, in favor of plaintiffs and against said W. B. Jones, for the recovery of the possession of said tract—the land in controversy—and that neither of said judgments were appealed from, and that in the last-named judgment a writ of possession was ordered, but never actually issued and placed in the hands of the sheriff until the 1st of May, 1897, when it was served by dispossessing Lydia A. Jones, as she charges. The writ was in fact a command to dispossess W. B. Jones, and not Lydia A. Jones. The latter was not a party to either of said suits.

Lydia A. Jones, on her part, shows that she was at the time of her ouster the owner of said land, and had actual peaceable possession of the same, and had had since October, 1888; that she since that time had resided with her said husband at his home on the opposite side of the street from the land in controversy. The evidence shows that the sheriff first went to the place to execute his writ, and the plaintiff, Lydia A. Jones, made claim to the property, and the possession thereof. He then procured from the plaintiff in that suit an indemnifying bond, and executed the writ as aforesaid. The plaintiff showed title by deed to a portion of the land, by deed to herself and husband from T. C. Gist, dated 10th March, 1881, and to the whole tract by deed from H. N. Hutton, dated October 28, 1887, and that Hutton held deed for same from state land commissioner dated 2d day of October, 1887. She testifies specifically that she had formerly lived in the county three or four years, and in October, 1888, moved back to Marianna, and that she at once took possession of the property in controversy, renting the barns and stalls therein to persons on

occasion, and every year, until dispossessed, cultivated the lot in cotton and corn and garden products, except one year, for which she rented the ground to a tenant, who that year culti- vated it. There is no testimony, as far as we have been able to discover, contradictory of this statement of the plaintiff. A trial by a jury was had, resulting in a verdict for the plaintiff for the possession of the property, and judgment was rendered accordingly, and, after motion for a new trial was overruled, the defendants appealed. In the course of the trial the court instructed the jury both orally and in writing, but no excep- tions were saved to the oral instructions, and the two written instructions given by the court raise the only question of law for our consideration.

The writ of possession under which the sheriff took forci- ble possession of the property was ordered in May, 1890, but was not issued until the first of May, 1897, and served the 3d of May, 1897, a period of seven years. This writ was against W. B. Jones, the husband, only, the wife, never having been a party to any of the suits referred to against her husband, was of course not bound by any of them, so far as she had individual and independent rights from her husband. She shows that she took and had held possession of the property distinctly from her husband since October, 1888, as part owner, and that she purchased the whole of it in October, 1890, and has held the same as sole owner since that time. Her title is unimportant, except in so far as it shows that her possession was independent of her relation to W. B. Jones, against whom the writ of possession was issued. Claiming independently of her husband, her purchase of the tax title after the writ was ordered was not affected by the doctrine of *lis pendens*, for the tax sale to the state was in opposition to the title of the hus- band, and the state's title was the title she purchased from Hutton. *Wright* v. *Walker*, 30 Ark. 44.

We can conceive of a case where a wife, knowing that her husband was liable at any time to be dispossessed of his land by process from a court of competent jurisdiction, might take possession of the property herself, and thus attempt to obstruct the process against the husband. If such were the case here,

or if there was any evidence going to show such a state of case, the exceptions to the instructions would have been well taken, and the judgment would be reversed; but, as we understand the evidence, the plaintiff's testimony as to her possession, why and under what right or claim and circumstances and when she took possession, is wholly uncontradicted. If she were not the wife of the defendant to the writ, but a disconnected party, no one would dispute her right to the possession under the circumstances. The writ of possession was against W. B. Jones, and, if in the usual form, it commanded the sheriff to dispossess him, and deliver the possession to the plaintiff in the writ. The writ itself is not in evidence, and its existence was proved by oral testimony As it should have been returned formally to the court issuing it, it is not shown why it could not have been produced. Such a writ is issued to affect the party named, and those holding under him, and, of course, does not affect those having adverse rights, especially before issue was ordered.

The two instructions complained of in this case may have been erroneous in form—may have presented a principle of the law not exactly applicable to the case—but the evidence fully sustains the verdict of the jury, and, not only so, but could not reasonably have been otherwise. The errors complained of, if errors they were, were therefore not prejudicial, and the judgment is affirmed.

Wood, J., did not participate.