HOT SPRINGS *v.* DEMBY.

Opinion delivered May 31, 1909.

RAILROADS—CONTROL OVER HACK STANDS.—A railroad company has the right to designate the place on its grounds abutting the passenger platform where competing hackmen may stand their vehicles while awaiting the arrival and departure of trains, and where they shall receive and discharge passengers and baggage.

Appeal from Garland Circuit Court; *William H. Evans,* Judge; reversed.

*C. Floyd Huff,* City Attorney, for appellant.

Unless prevented by statute, a railway company may lawfully give one person or company the exclusive right to occupy a certain position or stand at its depot with his hacks and vehicles for the purpose of soliciting business. In this case competing hackmen were not deprived of places at the depot, nor of the privilege of soliciting business, but Cooper Brothers were assigned an advantageous station upon an adequate consideration. 199 U. S. 279; 72 N. H. 377; 107 Ga. 649; 71 Conn. 136; 147 Mass. 41; 79 Minn. 188; 99 Va. 111; 71 O. St. 379; 75 Hun (N. Y.), 355.

For authorities holding that for a common carrier to select one carrier and grant him an exclusive privilege as against all

·others is against public policy as tending to create a monopoly and destroy competition, see 84 Mich. 194; 9 Mont. 419; 101 Mo. 249; 153 Ind. 10; 76 Miss. 211; 18 S. W. 15. Following ·cases hold that a common carrier may grant an exclusive privilege to one and exclude all others who desire to go upon the ·premises for the purpose of soliciting custom or busniess; 147 Mass. 35; 58 N. E. (Mass.) 189; *Id.* (Mass.) 489; 67 N. Y. .301; 81 Ga. 461; 16 Am. & Eng. R. Cas. (N. S.) 140; 22 *Id.* 511; 35 *Id.* 91; 120 Fed. 215; 2 Fed. Cas. No. 1030; 50 L. R. A. .722; 73 N. E. 633; 75 Hun (N. Y.), 357; 8 Am. & Eng. R. Cas. (N. S.) 639; 2 C. B. (N. S.) 509; 18 C. B. 45.

HART, J.   Jerry Demby, the appellee, was arrested and tried in the police court of the city of Hot Springs, in Garland County, Arkansas, on the charge of trespassing· upon private premises belonging to the Little Rock & Hot Springs Western Railroad Company, in violation of a city ordinance. He was convicted and appealed to the circuit court. There the case was tried before the court sitting as a jury, and the court found the defendant not guilty, and discharged him. The city of Hot Springs has appealed from the judgment of the circuit court.

The agreed statement of facts, upon which the case was tried in the court below, shows that the railroad company owned a gravel platform with stone curbing, upon which passengers from its trains alighted. That part of the platform was covered, and part of it was uncovered. That Cooper Brothers, who operated a line of hacks and carriages for the purpose of carrying passengers to and from the railroad station, and who also were under contract with the railroad company to deliver the United States mail to and from the postoffice, were given the exclusive right to place their vehicles at the curb of that portion of the platform where the cars were usually stopped, and which was covered. All other hackmen were required to stop their vehicles at the curb of the uncovered portion of the platform, and which was more remote from the place where the passengers usually alighted from the trains. Demby attempted to stand his hack at the place designated for those of Cooper Bros.

There is a conflict of the authorities on the right of a railroad company to grant an exclusive privilege to certain hackmen to solicit patronage in its station or grounds; but we are not

called upon to determine that question. The question presented by this appeal is, has the railroad company the right to designate the place abutting on the platform where hackmen who are competitors shall stand their vehicles while awaiting the arrival and departure of trains, and where they shall receive and discharge passengers and baggage?

In the case of *Landrigan* v. *State,* 31 Ark. 50, this court held: "A railroad company may make reasonable regulations for the conduct of all persons who come upon its premises, and authorize its agents and servants to remove therefrom any person who violates its regulations, using no greater force than is necessary."

"A rule by which a railroad company reserves the right to assign places upon its grounds to the different hackmen and to exclude from such places others not assigned thereto, is reasonable, and the company has a right to enforce it." Fetter, Carriers of Passengers § 245; 2 Hutchinson on Carriers, § 945. For cases where the precise question has been decided, see *Lucas* v. *Hubert,* (Ind.) 37 L. R. A. 376; *Cole* v. *Rowen,* 88 Mich. 219, 13 L. R. A. 848; *Smith* v. *Railroad Co.,* 149 Pa. St. 249, 24 Atl. Rep. 304.

The reason for the rules is thus stated in the case of *Cole* v. *Rowen, supra*: "They (the rules) in no manner give place to one hackman to the exclusion of another, and they deprive no common carrier of necessary approach to the depot grounds to carry on his business of carrier of freight and passengers. The rules touch and affect all alike. The mere fact that the railroad company fixes and determines the place where each particular hack shall stand is not a discrimination between hackmen, but is a necessary rule to prevent quarrels for place, so often seen among hackmen around depots."

In the case of *Lucas* v. *Herbert, supra,* the court said: "The arrangement offered by the railroad company gave appellees access to the depot grounds, and the privilege to receive and discharge passengers and baggage, and to stand their bus at the platform while awaiting the arrival and departure of trains. It may be that the position offered to appellees was not as favorable as the part left for appellants, for the reason that passengers alighting from the trains would pass the busses of appellants in going to appellees' bus, as all the busses would be backed against.

the same platform and stand side by side. Be this as it may, the railroad company having the power to designate the place each should occupy, neither can complain that the best or most convenient location with reference to the depot or platform was given to the other."

It will be observed that these decisions are by courts which deny the right of a railroad company to grant the exclusive privilege to occupy its station grounds with vehicles and soliciting the patronage of incoming passengers to one of several competing omnibus lines.

The reasoning given in the cases cited *supra* determines the issue raised by this appeal.

It seems from the evidence that Cooper Bros. were given the most favored place to stand their vehicles. This was because they had entered into a contract with the railroad company to carry the mail from the station to and from the postoffice, and to haul the injured employees of the railway company to the hospital. Competing hackmen were not excluded from the platform. They were assigned a portion of it, where they might stand their vehicles, receive and discharge passengers and baggage, and wait for the arrival of trains.

Therefore it is ordered that the judgment be reversed, and the cause remanded for a new trial.