## BOSWELL v. JORDAN.

### Opinion delivered March 23, 1914.

1. EJECTMENT—ACTION AGAINST TENANT.—A judgment against the tenant will be binding on the landlord with notice, so far as the question of possession is concerned, but not as an adjudication of title. (Page 162.)

2. EJECTMENT—PARTIES.—The right of possession of premises can not be disturbed by an action against a mere roomer on the said premises, and the owner need not appear and defend, when he is not made a party. (Page 162.)

3. TRESPASSER—REMEDY—INJUNCTION.—A court of equity will not interfere by injunction to restrain a mere trespass, in the absence of the elements of irreparable injury, unless the trespasser is insolvent, and can not be made to respond in damages, or unless the remedy at law is inadequate. (Page 162.)

4.  EJECTMENT—DAMAGES—JURISDICTION OF EQUITY.—Where plaintiff was about to be ejected from her premises by the sheriff acting under a writ against a third party, where plaintiff's remedy at law is inadequate, equity will interfere by injunction.  (Page 163.)

5.  EJECTMENT—REMEDY AT LAW—ADEQUACY.—Where the plaintiff, the owner of certain property, was not a party to a suit for the possession of the same, he is without a remedy, under Kirby's Digest, § 4434, which provides a remedy by application to the circuit court.  (Page 163.)

6.  TAX SALES—FORFEITURE—DESCRIPTION.—A tax sale will be held invalid where the description is incorrect and misleading, and where testimony could not cure the erroneous description.  (Page 164.)

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

*A. Curl* and *O. H. Sumpter,* for appellant.

1.  Appellee had notice of the suit against her tenant, and is bound by the judgment.

2.  Her remedy was by appeal, and not in chancery.

3.  The tax sale was valid, the lot being sufficiently described.  Kirby's Dig., § § 7027-7102; 41 S. W. 727; *Ib.* 728; 87 Pac. 237; 25 Cal. 296; 23 Pac. 625; 3 Barb. Ch. 528; 49 Am. Dec. 189; 19 Wis. 397; 45 Cent. Ed. 204-205D.

*Scott Wood,* for appellee.

1.  Minor was not her tenant, and she was not bound by the judgment. 75 Ark. 1; 112 Am. St. 1; 15 Cyc. 83; 42 Mich. 104; 3 N. W. 281.

2.  The judgment was not a bar, and appellee is not estopped thereby. 112 Am. St. 1; 23 Cyc. 1230; 91 U. S. 526.

3.  The tax deed is void.  59 Ark. 460.  Parol evidence was not admissible to cure the defect.  44 Am. St. 511; 93 N. W. 516; 37 Cyc. 1450; 56 Ark. 166; 83 *Id.* 334; 1 Gr. on Ev. 86-7.

McCULLOCH, C. J.  The plaintiff, Amy Jordan, owned the property in controversy—a lot with a three-room dwelling house thereon situated in the city of Hot Springs, and she occupied it as her home.  She was a waitress at a hotel in Hot Springs, and generally obtained her meals at the hotel where she worked, but slept at her home.  She was a widow, and had no one living

with her, but rented a room in the house to a man named Minor, who occupied the room about a month.

Defendant, R. L. Boswell, claims title to the lot under a tax forfeiture to the State and a deed from the Commissioner of State Lands, and he instituted an action against Minor, during his occupancy of the room, to recover possession of the lot. Default judgment was rendered in his favor against Minor for the possession of the property, and subsequently he sued out a writ of possession, which the sheriff attempted to serve by taking possession from the plaintiff. Minor was not at that time occupying any part of the premises. The plaintiff then instituted this action against the sheriff and Boswell to restrain them from putting her out of possession of the premises, and to cancel Boswell's tax title.

The chancellor granted the relief prayed for by plaintiff, and defendant Boswell appealed to this court.

It is insisted, in the first place, that John Minor, the defendant in the original action, was a tenant of the plaintiff, having the exclusive occupancy of the premises at the time the original action was instituted; that the plaintiff, as landlord, was notified of the pendency of the action, and that she was bound by the judgment, and that she can be turned out of possession under the writ.

There was proof adduced tending to show that Minor was in exclusive occupancy of the house as tenant of the plaintiff. But, according to the preponderance of the testimony, plaintiff occupied the house, and only rented a furnished room to Minor. The chancellor so found, and we think that that finding is sustained by the preponderance of the evidence. Minor was, therefore, not a tenant of the plaintiff, and did not have exclusive occupancy of the premises so as to warrant the recovery of possession from him without making the plaintiff a party to the action.

The question of the effect of a judgment of possession against a tenant, with notice to the landlord, was discussed at length by Judge RIDDICK in the case of *Eldred* v. *Johnson,* 75 Ark. 1, where we held that a judg-

ment against the tenant is binding against the landlord with notice, so far as the question of possession is concerned, but not as an adjudication of the title. The court said:

"While there is a contractual relation between the landlord and tenant, the landlord does not hold under the tenant, and we see no reason why a judgment by default against the tenant in an action of ejectment to which the landlord was not a party should preclude him from setting up his title to the land. We believe the correct rule to be that a judgment against the tenant is not, so far as the title to the land is concerned, conclusive against the landlord, or those claiming under him, when he was not made a party to the action."

This case is reported in 112 Am. St. Rep. 17, and the extensive annotations thereto show that it is in accord with the weight of authority.

But the judgment, even as to possession, is not binding on the plaintiff, and she can not be turned out under the writ as she was not a party to the suit, nor was John Minor her tenant in exclusive occupancy of the premises. He was, according to the testimony, a mere roomer in the house, and a judgment against him did not authorize a writ of possession against the plaintiff, who occupied and controlled the premises. There was no obligation on the part of the plaintiff, even with notice of the pendency of the suit, to appear and defend the action, for, so long as she remained in peaceable possession of the premises, her occupancy could not be invaded except by a suit against her. She had the right to challenge the authority of the officer under the writ against Minor, and the officer was a trespasser in attempting to disturb her possession under the writ.

It is further insisted, however, that a court of equity will afford no relief by injunction against a mere trespass and that her remedy at law is complete.

It is very well settled in this State and elsewhere that a court of equity will not interfere by injunction to restrain a mere trespasser, there being no other elements

of irreparable injury, unless the trespasser is insolvent and can not be made to respond in damages. This doctrine has been emphasized in cases involving trespass by cutting timber. The rule is not, however, without exceptions in cases where damages recoverable at law would afford inadequate reparation for the injury. We recognized that rule in the case of *Hall* v. *Wellman Lumber Co.,* 78 Ark. 408. In other words, equity will interfere unless the remedy at law is adequate and complete. It is not sufficient, to prevent equitable interference, that there is a remedy at law, unless it is adequate.

"Relief may be granted where, from the nature of the case," said Mr. High, "it will be impossible to estimate the actual damage which the plaintiffs will suffer." 1 High on Injunctions, § 697.

. Now, in this case the premises were occupied by plaintiff as her home, and she was about to be thrust from it by the sheriff acting under a writ against a third party. The inconvenience and annoyance were elements which could not be adequately compensated in an action at law, and that situation justified equitable interference. The recovery of the rental value of the premises and the expense of removing her household effects would not be adequate reparation for the injury.

There was a remedy at law by suit against the sheriff for trespass, or in an action of unlawful detainer to recover possession, as was done in *Boykin* v. *Jones,* 67 Ark. 571, but as before stated, those remedies were not adequate to prevent all the injury which plaintiff would sustain by being forcibly ousted from her home.

Nor was there a statutory remedy available, under section 4434, Kirby's Digest, by application to the circuit court which rendered the original judgment. The plaintiff was not a party to the original action, and, therefore, could not avail herself of the provisions of that statute, which are for the benefit of the parties to the proceedings in which the judgment was rendered.

The remaining question in the case is as to the validity of the tax sale, for upon that depends the title to the property in controversy.

A correct description of the lot in controversy is lot No. 12 of Briggs & O'Neill's subdivision of lots 1, 2, 3 and 4, of block 10, of the city of Hot Springs. The lot was described in the tax proceeding as lot 12 of Briggs & O'Neill's subdivision of lots 1, 2 and 3, of block 10.

The facts are that Briggs & O'Neill owned lots 1, 2, 3 and 4, of block 10, of the city of Hot Springs, which comprised half of said block. They subdivided it into 24 lots, laid out irrespective of the line of said lots in block 10, and lot 12 of the subdivision is situated wholly within the boundaries of lot No. 4 of block 10. They filed a plat of the subdivision, and conveyances have been made with reference to that plat.

It is contended that the tax sale is void because the description of lot 12 as being part of the Briggs & O'Neill's subdivision of lots 1, 2 and 3, of block 10, was not a sufficient designation to put the owner upon notice.

Our conclusion is that the contention of the plaintiff is sound and that the sale is void on account of the insufficient description of the property. The description in the tax proceedings did not properly designate either the Briggs & O'Neill's subdivision, nor lot 12 therein, for, according to the undisputed evidence, there is no Briggs & O'Neill's subdivision of lots 1, 2 and 3, nor is lot 12 of the Briggs & O'Neill's subdivision situated within either of those lots. It is situated within lot 4 of block 10, and the descriptive words, "Briggs & O'Neill's subdivision," relate to lots 1, 2, 3 and 4, of block 10.

This court is committed to the rule that sometimes evidence *aliunde* is admissible to aid the description of property in tax proceedings (*Buckner* v. *Sugg,* 79 Ark. 442, and cases therein cited), but the facts of this case do not bring it within that rule. The description is incorrect and misleading, and no amount of testimony can cure it, for the designation of the lot can not be made to fit its correct location. The defect in the description is

not a patent one of which the plaintiff and all others are chargeable with notice, for it describes the lot as being in lots 1, 2 or 3, of block 10, when, as a matter of fact, it is situated in lot 4.. The owner can not be deprived of her property by a sale under such an imperfect description. The decree of the chancellor is therefore affirmed.