BROWN *v.* MYERS.

4-5931                                           139 S. W. 2d 398

Opinion delivered April 29, 1940.

W. A. *Jackson* and W. E. *Beloate*, for appellant.

W. P. *Smith* and H. W. *Jenkins*, for appellee.

HOLT, J.   Appellee, J. H. Myers, brought two suits against appellants in the eastern district of the Lawrence chancery court. By agreement they were consolidated for trial.

In the first suit appellee, J. H. Myers, alleged in his complaint that he is the owner of a tract of timber land and a "certain road right of way" crossing a portion of said lands and further "that the said defendants are cutting and removing from said described lands merchantable timber without authority and contrary to law, and have so removed 200,000 feet of the stumpage value of $2.50 per thousand feet, in the sum of $500 of said timber; that said defendants are wholly insolvent; that judgment at law would avail nothing, and that plaintiff's damage to his land is irreparable."

He prayed that appellants be enjoined and restrained "from further trespassing upon said lands or any portion thereof, and cutting and removing any

timber of whatsoever kind, already cut or standing; and that they be further enjoined and restrained from using the road right of way claimed by the plaintiff under an assignment by E. J. and Della Brown, until the further orders of this court. That plaintiff have judgment in the sum of $500 for timber already removed, for cost and all other proper relief, special as well as general, legal as well as equitable."

Appellants filed separate demurrers to this complaint in each of which it was alleged that the allegations therein were not sufficient to give jurisdiction to the chancery court.

The trial court overruled these demurrers. Whereupon appellants filed separate answers in which they denied the material allegations in the complaint.

Upon a trial the learned chancellor decreed appellee, J. H. Myers, to be the owner of the lands and road right-of-way in question, permanently enjoined appellants from going upon said lands and removing timber therefrom, awarded appellee Myers damages in the sum of $40 for timber cut and removed by appellants, and quieted and confirmed the title to the lands and right-of-way in appellee, J. H. Myers.

Appellants earnestly contend that the chancery court was without jurisdiction and that their demurrers should have been sustained. We think, however, that no error is shown here.

The complaint clearly alleged ownership of the lands in question in Appellee Myers by virtue of a deed from appellants, E. J. and Della Brown, title to the road right-of-way, that appellants have cut, and are continuing to cut and remove from the lands, merchantable timber, that they are insolvent and that appellee's damage to his land is irreparable. These allegations are sufficient to give the chancery court jurisdiction.

In 14 R. C. L. 455, § 156, the textwriter says: "While courts of equity will not ordinarily enjoin a mere trespass yet they have frequently interfered for the purpose of preventing a continuing trespass, involving a

multiplicity of suits at law, which is both a grievance to the parties, and a burden to the public."

And in *Missouri Pacific Railroad Co.* v. *Hobbs,* 178 Ark. 1146, 13 S. W. 2d 610, this court said: "Equity has jurisdiction to prevent repeated trespasses upon the property of another by injunction, where the remedy at law for damages is inadequate, and also to restrain such trespassing, to avoid a multiplicity of suits, especially where the wrongdoer is insolvent. 32 C. J. pp. 140-144; 14 R. C. L. pp. 422-455; *Sanders* v. *Boone,* 154 Ark. 239, 242 S. W. 66, 32 A. L. R. 461; *DuFresne* v. *Paul,* 144 Ark. 94, 221 S. W. 485; *Boswell* v. *Jordan,* 112 Ark. 159, 165 S. W. 295; *Ellsworth* v. *Hall,* 33 Ark. 63; *Fletcher* v. *Pfeifer,* 103 Ark. 318, 146 S. W. 864."

Appellants also contend that equity was without jurisdiction to quiet title to the property in question in appellee Myers in the instant case. We have heretofore held, however, that having acquired jurisdiction for one purpose, equity will retain same and determine the title.

In *Crawford* v. *Davis,* 147 Ark. 126, 227 S. W. 5, this court held (quoting headnote): "A complaint which alleged that defendants were trespassing and committing waste upon plaintiff's lands, and were insolvent, and prayed for an injunction, gave jurisdiction to the chancery court; and, having acquired jurisdiction, that court did not err in retaining the same and determining the disputed title to the lands."

We think it would serve no useful purpose to set out the testimony; however, after a careful review of the record in this case, it is our view that there is an abundance of testimony to support the decree of the chancellor that appellants conveyed the timber lands in question by deed for a good consideration to appellee, J. H. Myers.

Appellants, E. J. Brown and Della Brown, admitted executing the deed to the land in question. Ed. L. Moore testified they signed in his presence and that he took their acknowledgments and that Robert Pettyjohn was present when the deed was executed. Mr. Pettyjohn ad-

mitted being present and seeing appellants execute a deed, but does not know what property it conveyed.

We also think the evidence sufficient to show that appellants were insolvent at the time they were enjoined from further trespassing on the land and cutting and removing the timber therefrom.

In the second case, appellee Myers seeks to foreclose a lien under a real estate mortgage upon certain sawmill property at Walnut Ridge, Arkansas. The complaint alleges that appellants, E. J. and Della Brown, are indebted to him in the sum of $2,000 evidenced by a note dated March 15, 1938, and secured by a mortgage on two lots and sawmill equipment in Walnut Ridge, Arkansas; that said note was due and unpaid, and prayed for decree of foreclosure.

It is further alleged that appellee, Bimel Ashcroft Company, holds a prior lien against said property by virtue of a mortgage and prayed that it be made a party defendant and required to answer.

Appellee, Bimel Ashcroft Company, filed its answer and cross-complaint in which it alleged that it held a prior lien against the property in question in the amount of $93.44 and asked for a decree accordingly.

The trial court awarded appellee, Bimel Ashcroft Company, the sum of $93.44 and a decree in favor of appellee, J. H. Myers, for $2,000 with interest from March 15, 1938, but declared the lien of Bimel Ashcroft Company to be superior to that of appellee Myers and ordered the property sold subject to the prior lien of Bimel Ashcroft Company. Appellants have appealed. Their only contention here is that there was no consideration for the note and mortgage which they executed in favor of appellee, J. H. Myers. Appellants admitted that they signed the note and mortgage in question.

The record reflects that appellants, E. J. Brown and Della Brown, executed the mortgage before Frank Massey. He testified that he took their acknowledgments to this instrument.

Appellants testified that when the mortgage and note were executed appellee, Myers, was to advance

them $500, but refused to do so. Myers flatly denies this and says the mortgage, and the deed in the first suit, supra, were executed for the purpose of settling and adjusting all the differences between the parties with reference to the timber lands, the right-of-way, and for furnishing money by Myers to appellants to operate the sawmill.

There is much testimony in the record by both appellants and appellee Myers bearing upon the question of consideration. However, after a careful review of the evidence, and without attempting to set it out here, we have reached the conclusion that the preponderance thereof supports the decree of the chancellor.

We find no error in this record. The decree of the chancellor is therefore affirmed.