## GILCHRIST VS. PATTERSON.

On the maturity of a mortgage debt and default of payment, the mortgagee has, at law, a right of action for possession of the property against the mortgager, or one holding under him (*Kannady vs. McCarron, ante.*)

Where a mortgage is given upon personal property to secure the payment of a debt due by note, the assignment of the note and mortgage, whether the assignment be under seal or not, vests in the assignee the right of action in the mortgage.

*Appeal from the Circuit Court of White county.*

The Hon. BEAUFORT H. NEELY, Circuit Judge.

McCONAUGHEY, for the appellant.

1st. Are mortgages assignable?

A mortgage is a conveyance of title upon a condition, and if the condition be not performed, the title becomes absolute *in law*, and nothing remains to the mortgagor but the right to redeem *in equity*—1 *Lomax Digest* 329; *Story Eq. sec.* 1031;—and the mortgagee is entitled to the possession of the mortgaged property—4 *Kent Com.* 138, 159; 2 *Verm.* 78; *Story on Bailm. sec.* 287; *Story's Eq. Jur.* 1031; *Flanders vs. Barston*, 18 *Maine* 357; *Pickard vs. Low*, 15 *Maine* 48; *Brackett vs. Bullard*, 12 *Metcf.* 308; *Coty vs. Barnes*, 20 *Verm.* 78; 2 *Eng. Rep.* 310;—and if the mortgagor retains possession of the mortgaged property, he remains only as tenant at *will* or *sufferance* of the mortgagee, and the latter may obtain possession by action at law—*Story's Eq. Jur. sec.* 1017; 1 *Lomax Dig.* 327; *Hilliard on Mort.*, 149;—and if the mortgage has been assigned, so may the assignee sue for possession—1 *Lormax Dig.* 327, 328.

The *debt* is the principal, and the mortgage an incident, and until foreclosure or possession, remains a *chose in action*, and is

properly assignable—4 *Kent Com.* 193, 7 *Greenl.* 377; 8 *Greenl.* 278; 10 *Verm.* 293; *Jackson vs. Willard*, 4 *Johns.* 43; *Wilson vs. Troupe*, 2 *Cow.* 195; *Mc Can vs Marshall*, 7 *Humph.* 121; *Thayer vs. Campbell*, 9 *Mis.* 280; *Dudley vs. Caldwell*, 19 *Conn.* 218; 1 *Hilliard on Mort.* 164.

2d. How are mortgages assignable?

The assignment of a note, secured by mortgage, may be by *delivery only* without endorsement thereon—1 *Lomax Dig.* 333 *to* 335; *Barnes vs. Lee*, 1 *Bibb* 526; *King vs. Harrington*, 2 *Aik.* 33; 2 *Day* 425; 3 *John. C.* 322; 1 *Root* 218; 6 *Sm. & M.* 139; 4 *Blackf.* 539; 1 *John. R.* 580;—and the assignment of the note carries with it all the rights of the mortgagee in the mortgaged proper-to—*Langdon vs. Keith*, 9 *Verm.* 299; 4 *Kent. Com.* 194; *Smith et al. vs. Robinson*, 13 *Ark.* 533;—and need not be *under seal*, especially if of *personal property*, since the mortgage itself is not required to be sealed—*Despatch Line vs. Belamy Co.*, 12 *N. Hamp.* 205; 7 *Metc.* 244; 1 *E. L. & E.* 584;—the *entire interest* of the mortgagee passes by the assignment of the mortgage *debt*— 1 *Lomax Dig.* 333, *sec.* 23; *Crosby vs. Brownson*, 2 *Day* 425; *Stevenson vs. Block, Saxton* 338;—no written assignment of the mortgaged *deed* is necessary—the assignment of the note and the *delivery* of the mortgage deed is sufficient—1 *Lomax Dig.* 135, *sec.* 32; 4 *Kent Com.* 193 *and* 194; *Green vs. Hart*, 1 *John.* 580; *Pratt vs. Bank*, 10 *Verm.* 294; *Keys vs. Wood*, 21 *Verm.* 331; *Hilliard on Mort.* 171.

3d. Can the assignee of the mortgagee sue?

The assignee must sue in his own name—*Hilliard on Mort.* 179, *sec.* 50 *and* 51; 6 *Mass.* 239; *Burdett vs Clay*, 8 *B. & Mon.* 287; *Walker vs. Tate, Ib.* 532; *Miles vs. Gray*, 4 *B. & Mon.* 417; *Dick vs. Mawry*, 9 *Sm. & M.* 448; *Lewis vs. Starke*, 10 *Sm. & M.* 120; *Henderson vs. Ward, Ib.* 631; *Mc Connell vs. Hodson*, 2 *Gilm.* 640; *Hil. on Mort.* 173, *sec.* 28; *Roberts vs. Holstead*, 9 *Barr* 32; 5 *N. Hamp.* 420; 13 *N. Hamp.* 247; 1 *Lom. Dig.* 327, 328.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was replevin in the *detinet,* for a slave named Westley, brought by Monroe Gilchrist against James W. Patterson, in the

White Circuit Court. The action was commenced 24th March, 1856. Under the writ, the slave was taken by the sheriff, and delivered to the plaintiff.

The defendant pleaded *non detinet*, property in himself, and property in John P. Bearden. Issues were made up upon the pleas, the cause submitted to a jury, verdict for defendant, and judgment in his favor for return of the slave, and damages assessed by the jury.

Pending the trial, the plaintiff took a bill of exceptions setting out the following facts, etc.

On the trial, the plaintiff read in evidence a note made by John P. Bearden and A. J. Jones to W. B. Norman, or bearer, for $1,150, dated Dec. 25th, 1854, and due and payable at twelve months, with eight per cent. interest from date. Upon which note was an assignment by Norman, the payee, to B. K. Rogers, and an assignment by him to the plaintiff.

The plaintiff also read in evidence a mortgage executed by John P. Bearden on the 6th of January, 1855, to Norman, upon the slave named in the declaration, to secure the payment of the above note, conditioned for its payment at maturity; which was duly acknowledged, and filed for record in the office of the recorder of White county, on the day it was executed.

Upon which mortgage were the following assignments:

"For value received, I assign and deliver the within to B. K. Rogers.                                    WM. B. NORMAN.

*January* 1th, 1856."

For value received, I assign and deliver the within to M. Gilchrist.                                    B. K. ROGERS."

The plaintiff also proved the possession of the slave by the defendant; demand and refusal, etc., and that the slave was replevied from defendant within the county of White. That Norman sold and transferred to Rogers, and Rogers to Gilchrist, all the right, title and interest of Norman under the mortgage, etc.

The plaintiff moved the following instructions:

" 1st. If the jury believe from the evidence that the note for $1,150, bearing 8 per cent. interest, made to Norman by Bear-

den, to secure the payment of which the mortgage was made by Bearden, had fallen due and remained unpaid at the time of the transfer of the note from Norman to Rogers, and from Rogers to plaintiff: and that defendant had possession of the negro after the time when the condition of said mortgage expired and was broken, and refused to give the negro into possession when demand was made by the plaintiff, they will find for the plaintiff.

" 2d. If the money in the note specified in the mortgage was not paid to Norman when due, he, Norman, was entitled to the possession of the negro.

" 3d. If the jury believe that Norman transferred and conveyed to Rogers all his (Norman's) right, title and interest, in and to said negro, Rogers had the same right of possession that Norman had before him.

" 4th. If Rogers transferred and assigned all his right, title and interest in and to said negro to Gilchrist, he (Gilchrist) obtained the same right of possession that Rogers and Norman had before him.

" 5th. That if Norman was under the mortgage entitled to the possession of the negro, he could transfer his right under the mortgage by written or verbal contract, and that a written conveyance, acknowledged and recorded, was not necessary to convey to the assignee his rights—the original mortgage to Norman being duly acknowledged and recorded before Patterson (defendant) hired the negro."

The Court gave the 1st, 2d, 3d, and 4th of the above instructions, but refused to give the 5th—and plaintiff excepted.

The defendant asked the Court to instruct the jury as follows:

" 1st. That unless the plaintiff has shown a legal right to the possession of the slave, they must find for the defendant.

" 2d. That the assignments on the mortgage from Norman to B. K. Rogers, and from Rogers to Monroe Gilchrist, do not vest the legal interest in Gilchrist to said slave."

Which instructions the Court gave against the objection of the plaintiff, and he excepted.

And the Court also instructed the jury:—" That, in order to vest in the plaintiff a title sufficient to sustain this action, the

conveyance and assignment of the entire right and title of said Norman to Rogers, and from Rogers to Gilchrist, must have been by assignment under seal and duly acknowledged, or witnessed and proved."

To. which the plaintiff excepted.

The plaintiff appealed.

On the maturity of the mortgage debt, and default of payment, Norman, the mortgagee, had, at law, the right of action for possession of the slave against Bearden, the mortgagor, or one holding under him, etc. In equity, the mortgagor had the right of redemption. See *Kannady vs. McCarron July T.* 1856. *Fitzgerald vs. Beebe,* 2 *Eng. R.* 311.

Being a mortgage upon personal property, the assignment of the note and mortgage by Norman to Rogers, and by him to the plaintiff, vested the right of action in the latter. *Dig. ch.* 15. 1 *Lomax Dig.* 335. *Southerin vs. Mendum,* 5 *New H.* 420. *Rigney vs. Lovejoy,* 13 *Ib.* 247. *Jackson vs. Blodget,* 5 *Cowen* 202. *Johnson vs. Hart,* 3 *Johnson's Cases* 322.

It was not necessary that the assignment of the note or mortgage should have been under seal. 1 *Parsons on Cont. p.* 197. The note being payable to Norman *or bearer* was transferable by delivery.

So much of the 5th instruction, moved by the plaintiff, as asked the Court to declare that Norman might transfer his right of action *by verbal contract,* was abstract, because both the assignments upon the note and mortgage were in writing. In other respects the instruction is not objectionable.

The Court erred in giving the 2d instruction moved by the defendant. Also in giving the last instruction copied above, which appears to have been given on its own motion.

The judgment is reversed; and the cause must be remanded with instructions to the Court below to grant the plaintiff a new trial.

Absent, Hon. C. C. Scott.