BANGS *v.* PARTEE.

5-2412                    346 S. W. 2d 466

Opinion delivered May 22, 1961.

*Ben B. Williamson* (deceased) and *Ivan William-son,* for appellant.

*Hubert J. Meachum,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from an order of a Chancery Court sustaining a demurrer to a petition for injunction.

On the 20th day of September 1960, appellant, Hubert Bangs, filed his petition against appellees, Gerald V. Partee, and Rebecca Partee, husband and wife, alleging as follows:

"That on the 18th day of August 1960, the petitioner entered into a written contract with Mrs. Cleo Gray, a widow of Batesville, Arkansas, through and by which he rented and leased from the said Cleo Gray a stone quarry for the purpose of quarrying and removing all the merchantable building stone in, on and under the following described land in the village of Marcella and in Stone County, Arkansas, to-wit:

"(Describing Land.)

"That under said contract the petitioner agreed to go in and on said land and open up a rock quarry and to

pay to the Party of the First Part, Cleo Gray, One and 50/100 ($1.50) Dollars per square for all stone, mined, quarried and removed from the premises. That no time limit was placed on said lease but that said lease was to continue in full force and effect until mutually rescinded by the parties or so long as sufficient building stone was left in quantity in and on said quarry and it was further agreed and understood by the parties that said quarry rights should be exclusive and that the petitioner should have the right of free access and entry in and on said lands and free exit therefrom so long as he should operate said rock quarry.

"(A copy of the contract was made a part of the petition.)

"Petitioner states that after the signing of said con-. tract he prepared to move in and on said land for the purpose of opening said rock quarry when the respondents, Gerald V. Partee and Rebecca Partee, husband and wife, who hold an agricultural lease on said land executed to them by the above named Cleo Gray dated November 7, 1957, warned and forbade petitioner to enter on said land and open a rock quarry and informed him that under their (respondents) lease they had the sole and exclusive right to said stone quarry as well as the sole and exclusive right to quarry, cut and remove any and all building stone in and on said premise and that the petitioner under his lease from the said Cleo Gray had no right to enter on said land for any purpose and that if petitioner undertook to enter in and on said land for any purpose he would be stopped at the threshold by the respondents.

"Petitioner further states that he tried to arrange for a bulldozer to be brought in on said premises for the purpose of bulldozing the surface dirt and rock but that the respondents contacted the parties and ordered them not to try to bring said bulldozer in on said land for any purpose. That this action and conduct on the part of the respondents has had the effect of depriving the petitioner from entering in and on said land under his said lease. That the petitioner would have been able to have made

$30.00 per day or more if he had been permitted on said land for the purpose of quarrying, cutting and removing said building stone from said quarry and the the respondents by their unauthorized, unilateral and illegal actions in the premises had caused the petitioner to lose the sum of $300.00 or more, which he could have easily made but for the hinderance and interference to his operations by the respondents and that he should recover from the respondents in this action the sum of $300.00 and all further sums proved by him, by way of damages.

"Petitioner further states that he has no clear, complete and adequate remedy at law in the premises and in fact has absolutely no remedy except by the remedy of injunction and that unless the respondents, Gerald V. Partee and Rebecca Partee, are restrained and enjoined from hindering, molesting and interfering with petitioner in any way in his legal operation of said rock quarry, petitioner will suffer irreparable damages and will continue to suffer such damages day by day unless he is granted injunctive relief to prevent and deter the respondents from further molesting him in the operation of said rock quarry under his contract and lease with the said Cleo Gray the owner of said land.

"Wherefore, petitioner prays that on a hearing in this cause he be granted a temporary injunction to enjoin, restrain and prevent the respondents Gerald V. Partee and Rebecca Partee, from molesting, hindering and in any way interfering with petitioner in his operation of said rock quarry; what he be awarded damages and the sum of Three Hundred and No/100 ($300.00) Dollars already suffered by him on account of the interference, molestation, conduct and actions of the respondents therein and that on the final hearing of this cause in term time by said injunction be made final and perpetual and for such other and further relief, including cost to which the petitioner may be entitled herein."

To this petition appellant demurred on the grounds that: "the petition does not state facts sufficient to constitute a cause of action so as to bring the case within the recognized principles of equitable jurisdiction;

therefore no equitable rights exist and the petitioner is not entitled to the relief sought by him in this court."

After a hearing, the trial court sustained the demurrer. Appellant elected to stand on his original petition and declined to plead further. The petition was thereupon dismissed by the court. From such order comes this appeal.

The general question as to whether appellant's petition stated a cause of action is not argued or controverted by appellees in their brief. While appellees do not specifically admit that the petition states a cause of action, they confine their argument to the proposition that the Chancery Court doesn't have jurisdiction of the subject of the action, that of issuing injunctive relief on the allegations of the petition filed by appellant. From the matters before us the question to be determined by this Court is confined to the question of whether appellant's petition states facts sufficient to bring the case within the recognized principles of equitable jurisdiction and/or whether appellant has an adequate remedy at law.

In his petition appellant states in general terms that he has no remedy at law and that he will suffer irreparable injury or damage. Appellant admits that the appellees have been in possession of the involved lands for a period of almost three years under a lease dated November 7, 1957. He asks that the Court remove appellees from their possession and quiet enjoyment of the lands and put him in possession under the terms of appellant's contract or lease from the same lessor, such lease being dated August 8, 1960. The only damages appellant refers to in his petition are money damages and he measures the amount at Thirty Dollars or more per day. Appellant, while admitting in his petition that appellees hold an agricultural lease on the involved lands, complains that he was prevented from moving a bulldozer upon the property for the purpose of bulldozing the surface dirt.

From the allegations set out above, we find that the injury complained of by appellant is *not* of such a

peculiar nature that compensation in money cannot atone for it; consequently, it cannot be considered an irreparable injury. *Little Red River Levee District No. 2 v. Thomas,* 154 Ark. 228, 242 S. W. 552; *Ahrent v. Sprague,* 139 Ark. 416, 214 S. W. 68.

Therefore, we conclude that appellant has an adequate remedy at law. *Comer v. Woods,* 210 Ark. 351, 195 S. W. 2d 542; the remedy being that of ejectment in which the rights, if any, can be determined under his contract or lease, and by which he can obtain possession of the involved lands and be compensated for damages by the wrongful possession of appellees if he is so entitled to such relief. It follows that the decree is affirmed without prejudice to appellant's right to proceed at law, if a cause of action can be stated. See *Barrentine v. The Henry Wrape Company,* 113 Ark. 196, 167 S. W. 1115.