Foster *v.* Enarc Lumber Mfg. Co.

5-2427

349 S. W. 2d 341

Opinion delivered September 11, 1961.

[Rehearing denied October 16, 1961.]

*E. L. Holloway,* for appellant.

*Dennis L. Berry,* for appellee.

Jim Johnson, Associate Justice. This is an appeal from a decree of the Chancery Court rendering judgment on a note and foreclosing a chattel mortgage. The consideration for the execution of the note was the loan of $5,000 from appellee, Enarc Lumber Company, Inc., to appellant, J. H. Foster, said loan being secured by a chattel mortgage on certain timber, sawmill equipment and trucks. After default on the obligation, evidenced by a note, the appellee commenced the instant action in Chancery Court praying that the appellant be restrained and enjoined from cutting and removing timber, for judgment on the note and for foreclosure of the chattel

mortgage. A temporary restraining order was granted, without notice, upon the verified petition of appellee and the filing of a statutory bond in the amount of $2,000.

No effort was made by the appellant to avail himself of the statutory remedies for an early hearing for the dissolution of the temporary restraining order and the matter proceeded to trial in the regular course of events.

On trial, the Chancellor found that the note was past due and unpaid and rendered judgment for the appellee in the sum of $4,499.50. The court further decreed that if the judgment was not paid within 12 days the commissioner named in the decree should proceed to sell the mortgaged chattels for the purpose of satisfaction of the judgment.

Appellant prosecutes this appeal urging two grounds for reversal:

1. That the temporary injunction was wrongfully issued thereby entitling him to damages for such wrongful issuance.

2. That the court erred in decreeing foreclosure because the debt was not due at the time of the rendition of the decree.

This latter contention is predicated upon the assertion that the original note had been modified by a subsequent parol agreement to extend the time for payment. In fact, it is asserted that the note was superseded by an oral undertaking to pay the same amount of money at a later time.

We cannot agree with appellant's first assertion for two reasons: (1) The restraining order was not wrongfully issued, and; (2) Appellant made no competent showing of any damage which he might have sustained as a result of the issuance of the restraining order.

Appellant cites *Comer* v. *Woods,* 210 Ark. 351, 195 S. W. 2d 542, and *McCarty* v. *Wilson,* 81 Ark. 115, 98

S. W. 682, to the effect that equity will not intervene by way of injunction for the purpose of restraining a trespass where the remedy at law is adequate. Appellant asserts that there was no need for a restraining order since the timber in question was being manufactured into railroad ties which were being delivered to appellee with a part of the selling price of said ties to be credited against the note in question. Without attempting to discuss these matters at length, we find that there is a basic error in appellant's reasoning. The appellant assumes that he was entitled to the possession of the timber in question in making the assertion that he should not have been restrained from cutting and removing the timber. From the time of the decision in *Gilchrist* v. *Patterson,* 18 Ark. 575, in the year 1857, this Court has held without exception that upon maturity of a mortgage debt and default in payment of such debt, the mortgagee is entitled to possession of the mortgaged property as against the mortgagor or any person holding under him. It is readily apparent that if the appellant was not entitled to the possession of the property, then, in that event, it would be legally impossible for him to assert any right to cut and remove timber and thereby deprive appellee of the possession to which it was entitled under the law. By the same token, if appellant had no right to the possession of the timber in question at the time of the entry of the temporary restraining order, then it would be an impossibility for him to suffer or sustain any damages by being deprived of the possession of said property. It is realized that this disposition of appellant's first point is predicated upon the proposition that the note was past due and that appellant was in default whereas appellant contends that such was not the case. We will treat with this latter contention at a later point in the opinion.

We have stated that appellant made no competent showing of any damages which he might have sustained as a result of the issuance of the temporary restraining order. It is asserted that appellant testified that under average operations he could have produced some 6,000

railroad ties which would have netted him a profit of $3,000. The basic fallacy in this contention is that there is absolutely no showing to the effect that appellant could not have produced railroad ties from other timber. Therefore, his assertion of a $3,000 profit can avail him nothing because he has failed to show that he could not have manufactured ties from other timber.

Appellant vigorously asserts that there was a parol modification of the note and the substitution of an oral agreement for the solemn written obligation originally evidenced by the note. After a careful examination of the record, we are convinced that this contention is without merit for the following reasons: (1) The evidence offered as to the alleged modification was too vague, uncertain and indefinite to show such modification. (2) The alleged oral modification or substitution of a new obligation would be void for want of consideration. The appellant testified that one Still, an agent for the company, told him after the execution of the note and mortgage that the company did not make a practice of foreclosing on anyone. He further testified that the president of the appellee corporation told him on two or three occasions that as long as he was trying to produce ties from the timber in question and to pay his obligation, there would be no foreclosure. The only other evidence in the record which even remotely corroborates these assertions of appellee is the testimony of the witness Still. In his testimony, this witness unequivocally denied that he had agreed to any extension of time for the payment of the note in question. He did say that he had on other occasions told other individuals that if they hit a streak of bad luck, the company would give them another chance rather than foreclosing upon their loans. It should be observed that the appellant did not testify as to any definite date of extension but rather contented himself with vague generalities in quoting Still as to company policy. Insofar as the alleged statements of the President of the company (whom the appellant could not even identify by name), it may be said that the appellant failed to show that he was making

any substantial effort to cut and deliver ties. However, even if such a showing had been made, the language ascribed to the president of the company is far too vague and indefinite to form the basis for the substitution of a parol agreement for a solemn written contract. Giving appellant's testimony its fullest probative effect, it amounts to evidence of an indefinite extension of time for payment voluntarily made by appellee without any new promise or consideration moving from appellant. In *Feldman* v. *Fox,* 112 Ark. 223, 164 S. W. 766, a sharecropper sued his landowner-employer for an alleged "guaranteed" wage of $300 for making and gathering his crop. The sharecropper admitted that his original contract with the landlord provided that the sharecropper was to receive one-half of the proceeds of the crop together with payment for harvesting the one-half of the crop due the landlord at the rate of fifty cents per hundred pounds. The cropper offered evidence to the effect that early in the crop gathering season, he became dissatisfied and contemplated selling his interest in the crop to another person whereupon the landlord undertook to guarantee the sharecropper the sum of $300 for planting, cultivating and gathering the crop in lieu of the original compensation agreed upon. A judgment was rendered in favor of the sharecropper and this Court reversed, saying in part:

"If no benefit is received by the obligee except what he is entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration for the additional contract concerning the subject-matter of the original one. *Thompson* v. *Robinson,* 34 Ark. 44; 1 Brant on Suretyship & Guaranty, § 387; 1 Page on Contracts, § 312."

Here the appellant parted with nothing except what he was already bound for an the appellee received no benefit other than what it was entitled to under the original note. The facts in the case at bar and those in *Feldman* v. *Fox, supra,* are exactly parallel. We are

impelled to the conclusion that there was no consideration for the alleged extension, modification or substitution and that the note was past due at the time of the commencement of the action in the trial court.

Affirmed.

BOHLINGER, J., not participating.